IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA R. EFFINGER, | * |
| Plaintiff, | * |
| v. | * Case No.: 2:07-cv-657-ID |
| WINN-DIXIE MONTGOMERY, INC. | * |
| Defendant. | * |

## ANSWER

COMES NOW the Defendant Winn-Dixie Montgomery, Inc. and herewith gives Answer as follows:

1. On information and belief, Defendant admits the allegations of paragraph 1.

2. Defendant admits the allegations of paragraph 2.

3. Defendant avers fictitious party practice is not allowed in Federal Court but to the extent an answer is required, Defendant denies the allegations of paragraph 3.

4. Defendant admits it was served with a Summons and Complaint on June 18, 2007.

5. Defendant denies the allegations of paragraph 5.

6. Defendant denies the allegations paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

1

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Defendant denies the allegations of the Complaint and demands strict proof thereof.

## SECOND AFFIRMATIVE DEFENSE

Defendant pleads the general issue.

## THIRD AFFIRMATIVE DEFENSE

Defendant pleads contributory negligence.

## FOURTH AFFIRMATIVE DEFENSE

Defendant pleads assumption of the risk.

## FIFTH AFFIRMATIVE DEFENSE

Defendant pleads an intervening superceding cause.

## SIXTH AFFIRMATIVE DEFENSE

Defendant pleads no proximate cause.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant denies the nature and extent of Plaintiff's injuries.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant avers Plaintiff failed to mitigate her damages.

## NINTH AFFIRMATIVE DEFENSE

This Defendant avers punitive damages are not recoverable against it.

## TENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff seeks compensatory damages for pain and suffering in this case, any award of such damages would violate this Defendant's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution because, among other things, of the vagueness and uncertainty of the criteria for the recover of compensatory damages for pain and suffering and for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages; therefore, the Plaintiff cannot recover compensatory damages for pain and suffering or punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of the Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard, for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because:

    a.    It fails to provide a reasonable limit on the amount of the award against the Defendant, which thereby violates the Due Process

        Clause of the Fourteenth Amendment of the Constitution of the United States;

b. It fails to provide a specific standards for the amount of the award of compensation, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United Sates Constitution;

c. It results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and

d. It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiff herein violates the Due Process Clause of Article I, § 6 of the Constitution of the State of Alabama because it fails to provide a limit on the amount of the award against Defendant is unconstitutionally vague, it fails to provide specific standard in the amount of the award of damages and, it constitutes a deprivation of property without the due process of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

This Defendant pleads all other affirmative defenses in bar or abatement of the claims asserted against it in the complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to supplement its answer and amended answer by adding thereto any additional defense which may be necessary and appropriate.

_____
RANDALL MORGAN [MOR037]
Defendant Winn-Dixie Montgomery, Inc

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
 COLE & BLACK, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969..FAX

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was duly served via E-Mail and by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid this the 18TH day of July 2007 upon the following:

Ronald B. Hatcher, Esq.
P.O. Box 161442
Atlanta, GA 30321

_____
OF COUNSEL