IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA R. EFFINGER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-cv-657-ID |
| ) | |
| WINN-DIXIE MONTGOMERY, INC. ) | |
| ) | |
| Defendant . ) | |

## ORDER ON MOTION AND PROTECTIVE ORDER

Upon consideration of Defendant's *Motion for HIPAA Order* (Doc. 6, filed August 9, 2007) and fact it is unopposed,[1] it is

**ORDERED** that the *Motion for HIPAA Order* (Doc. 6) is **GRANTED**. Accordingly, the parties and all interested non-parties shall be governed as follows:

Upon Compliance with Federal Rules of Civil Procedure, the attorneys for the parties and pro se parties to this lawsuit are permitted to inspect and copy all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such individual.

**This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and**

---

[1] Counsel informed the Court's law clerk via e-mail on August 9, 2007 the motion is unopposed.

**Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and person who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee or the attorney or party.

At the conclusion of this action and at the written request of an individual whose Protected Health information has been disclosed or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order.

DONE this 10th day of August, 2007.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE