IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **YOLANDA R. EFFINGER,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | *   Case No.: 2:07-CV-657-ID-TFM |
| | * |
| **WINN-DIXIE MONTGOMERY, INC.** | * |
| | * |
| **Defendant.** | * |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER ON TAX RETURNS**

Comes now the Defendant, Winn Dixie Montgomery, Inc. ("Winn Dixie"), by and through counsel, and responds to the Plaintiff's Motion for Protective Order on Tax Returns as follows:

1. Plaintiff in her motion for protective order and memorandum in support, admits her tax returns are not absolutely privileged, but claims they are confidential and are due to be protected from improper use, access and dissemination.

2. Plaintiff further stipulates that certain of her tax returns are relevant within the meaning of Rule 26 (b)(1) of the *Federal Rules of Civil Procedure*.

3. Also, under Rule 26, *A.R.Civ.P.*, parties may obtain discovery regarding any non-privileged matter that is relevant or that may lead to any matter that is or may be relevant.

4. Winn Dixie is in agreement with Plaintiff in that said tax returns are relevant since Plaintiff is making a loss wage claim in the instant case and has placed her wages

1

and income in issue. *See Ellis v .City of New York,* 243 F.R.D. 109 (S.D.N.Y., 2007); *Young v. U.S.,* 149 F.R.D. 199 (S.D. Cal. 1993); *Constantine v. Constantine*, 274 Ala. 374, 149 So.2d 262 (Ala. 1963).

5. *Ex parte Morris*, 530 So.2d 785 (Ala. 1988) followed *Constantine* and held "[I]f this were a case where the taxpayer had made an issue of his income [as in Constantine, supra], there would be no question that he had waived the confidentiality of his returns and had thereby opened them up to scrutiny by his opponent." *Id.* at 789.

6. Winn Dixie submits Plaintiff's entire tax returns should be produced to Winn Dixie without the necessity of a protective order. Winn-Dixie further submits there should be no restrictions on its use. Plaintiff's proposed Protective Order is too broad, does not define "third parties" and would require Defendant to disclose its trial preparation and strategy by requiring Winn-Dixie to seek the "express consent" from either Plaintiff or the Court to even have the returns reviewed by an expert. Moreover, Plaintiff does not provide any compelling reason for a protective order. Plaintiff is an individual and there is no argument advanced by Plaintiff that the unrestricted use by Defendant will invade any proprietary or commercial business privilege.

WHEREFORE, THESE PREMISES CONSIDERED, Defendant Winn Dixie requests this Honorable Court quash Plaintiff's Motion for Protective Order on Tax Returns, or in the alternative, redact such personal information which is not relevant without the necessity of a protective order.

Respectfully submitted this the 17th day of September, 2007.

/s/ *Randall Morgan*
RANDALL MORGAN [MOR037]
Defendant Winn-Dixie Montgomery, Inc


OF COUNSEL:
**HILL, HILL, CARTER, FRANCO,**
  **COLE & BLACK, P.C.**
425 South Perry Street
P.O. Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969..FAX

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was duly served via E-Mail and by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid this the 17th day of September, 2007 upon the following:

Ronald B. Hatcher, Esq.
P.O. Box 161442
Atlanta, GA 30321

/s/ *Randall Morgan*
OF COUNSEL

3