IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| YOLANDA R. EFFINGER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cv-657-ID |
| | ) | |
| WINN-DIXIE MONTGOMERY, INC. | ) | |
| | ) | |
| Defendant . | ) | |

### ORDER ON MOTION AND PROTECTIVE ORDER

Pending before the Court is Plaintiff's *Motion for Protective Order on Tax Returns* (Doc. 14, filed September 9, 2007) and *Defendant's Response to Plaintiff's Motion for Protective Order on Tax Returns* (Doc. 16, filed September 17, 2007). For good cause, it is

**ORDERED** the *Motion for Protective Order on Tax Returns* (Doc. 14) is **GRANTED**. However, the Court elects not to use the proposed order submitted by Plaintiff as the proposed order would be too broad in scope. *See* Doc. 14 at p. 5-6. That said, the Court disagrees with Defendant's assertion that Plaintiff has not provided a compelling reason for a protective order. *See* Doc. 16 at ¶ 6. Even caselaw cited by Defendant supports the use of an appropriate protective order. *See Ex parte Morris*, 530 So.2d 785, 789 (Ala. 1988). Specifically, the Alabama Supreme Court notes the fact tax returns may be discoverable "is not to be taken as approval of indiscriminate exposure of the contents of such returns when production of copies is required. Courts may and should make proper protective orders governing the use of and access to the contents of such returns." *Id*.

Consequently, the Court enters this **PROTECTIVE ORDER** which governs all parties and interested non-parties whereby documents relating to Plaintiff's taxes including but not

limited to her federal and state income tax returns shall be designated confidential. Such confidential documents and information shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed to any other person or third party other than:

    a.    Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above-entitled action;

    b.    The parties in the above-styled action;

    c.    The Court and persons employed by the Court working on this litigation;

    d.    Court reporters at the proceedings in this action;

    e.    Experts or consultants retained or consulted by the parties; and

    f.    Deponents, trial witnesses and potential deposition witnesses

Prior to making such disclosure of any confidential documents or information, the person to whom disclosure will be made must be provided with a copy of this Order and must agree to be bound by it. Further, upon request by the producing party, within ninety (90) days of the conclusion of this matter as to all parties, and upon written request of a party all confidential information of such party and all copies thereof shall be returned to counsel for that party or, if that party so requests, shall be destroyed and an affidavit prepared and executed certifying to such destruction and mailed to the party producing that confidential information.

    DONE this 18th day of September, 2007.

    /s/Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE