UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA R. EFFINGER | * |
| | * |
| Plaintiff, | * |
| | * Case No. 2:07-CV-657-ID-TFM |
| v. | * |
| | * |
| | * |
| WINN DIXIE MONTGOMERY, INC. | * |
| | * |
| Defendant. | * |

**PLAINTIFF'S OBJECTIONS TO AND MOTION TO QUASH SUBPOENAS TO NON-PARTIES PEDIATRIC ADOLESCENT MEDICINE, INC., SELMA CITY SCHOOL BOARD, ALABAMA UNEMPLOYMENT COMPENSATION AND SELMA DOCTORS CLINIC, AND FOR STAY**

Pursuant to Federal Rule of Civil Procedure 45(b)(1) and Federal Rule of Civil Procedure 26, Plaintiff objects to and moves to quash Defendant's subpoenas served on non-parties Pediatric Adolescent Medicine, Inc., Selma City School Board, Alabama Unemployment Compensation, and Selma Doctors Clinic ("Defendant's Subpoena-Exhibit A attached), on October 15, 2007.

Counsel for plaintiff wrote Defendant's counsel (Plaintiff's Exhibit B attached) and contacted him by e-mail (Plaintiff's Exhibit C) advising him of plaintiff's objections, but Defendant's counsel has not responded. Plaintiff therefore states that Defendant obviously opposes this motion.

As grounds for this objection and motion, Plaintiff states as follows:

1. Counsel for Plaintiff hereby certifies by attached affidavit (Exhibit D) that he was never served copies of the Defendant's subpoenas (Exhibit A) or received

any prior notice thereof.

2. That such subpoenas are overly broad and otherwise seeks information which will not lead to discovery of admissible evidence.

3. That such subpoenas violate Plaintiff's right to privacy as guaranteed by the 1st and 14th Amendments to the U. S. Constitution.

This 18th day of October, 2007.

/s/ Ronald B. Hatcher
Ronald B. Hatcher (HAT 002)
Attorney for Plaintiff
P. O. Box 161442
Atlanta, GA 30321
(404) 526-9440

## MEMORANDUM IN SUPPORT

A. **Facts:**

Plaintiff complaint is for damages by reason of a fall she sustained on Defendant's premises on August 20, 2006. (Complaint p. 2). Plaintiff has requested general damages and special damages for medical treatment, physical therapy, medical tests, loss wages, pain and suffering and future medicals. (Complaint, pp. 3-4).

The court is asked to specifically note that this is not an "employment case", "social security case", "disability case", or any like case which places in issue or dispute plaintiff's job performance, retention, discipline, or personnel files.

The court should also note that plaintiff has provided to Defendant, without waiving specific objections, her W-2s, tax returns, and employment history for the years 2003, 2004, 2005 and 2006.

B. **Authorities:**

(1) **Non-Service:**

F.R.C.P. 45(b)(1) provides is pertinent part that ". . . Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)".

Here, service was purportedly made on plaintiff's counsel in compliance with F.R.C.P. 5(b). However, as evidenced by plaintiff's counsel attached affidavit (Exhibit D), he was never served with such subpoenas. Further, he had no notice of the subpoenas prior to October 16, 2007.

Additionally, in the body of Defendant's subpoenas (Exhibit A), there is evidence that Defendant may have confused the party to be served. Defendant's Notice of Service of Discovery Documents within Exhibit A refers to notice and service being perfected for Defendant Jackie David Church. There is no such defendant, party or witness in this matter. It is likely that service, if mailed or e-mailed, went to the wrong plaintiff. Further, the said notice of service lists the respondents but does not certify that plaintiff's counsel received a copy.

Having failed to comply with Civil Rules 45(b)(1) and 5(b), the subject subpoenas are defective and unenforceable.

(2) **Breath of Requests:**

As stated, plaintiff is seeking loss wages for a period beginning on August 20, 2006 and thereafter. No foundation is made or could be made that plaintiff's entire

3

employment and medical history and records are relevant or should be explored. Nonetheless, Defendant has made open-ended, all encompassing requests for documents. Defendant's Schedule A of Exhibit A requests:

> "*All records of any kind* including but not limited to new hire documents, applications, resumes, job description, evaluations, certifications, tests, training, adjustments, reprimands, discharge, documents, separation documents, disciplinary documents, payroll, W-2 forms, record of absences, doctor notes or excuses, reports of physical examinations, reports by any supervisors, emails, independent contractor contracts, 1099's, insurance, benefits, payroll, *and any and all documents related to:*
>
> Yolanda Effinger
> DOB: 02/09/1963
> SSN: \*\*\*.\*\*4705

*Emphasis Added.*

Plaintiff submits the following examples of over-breath: "*all records of any kind*" and "*any and all documents related to*". These phrases encompass from "birth to death" and are impermissible. F.R.C.P. 26(b)(1). Fishing expeditions are not permitted under Civil Rule 26.

Plaintiff submits the following examples of irrelevancy: "*evaluations*", "*disciplinary documents*", and "*benefits*". Even a cursory reading of the complaint will not yield any relevance for these items. As well, Defendant's requests are not and were not intended to lead to the discovery of admissible evidence. Plaintiff has provided sufficient information to evaluate and contest her loss wage and medical claims. Again, Defendant is impermissibly fishing . F.RC.P. 26(b)(1)

C. <u>Privacy</u>:

Plaintiff hereby advises the court that her employment and medical records

contain information on her children, ex-husband and "female surgery" that has no relevance to the claims and defenses in this matter. Plaintiff has a privacy interest and expectation of privacy that she does not choose to waive.

Due to the breath and non-specific nature of Defendant's requests, Plaintiff's Constitutional right to privacy would be violated if same are allowed to stand. This is not what is envisioned or permitted under Civil Rules 26 and 45. See also the *1st and 14th Amendments to the U. S. Constitution.*

WHEREFORE, Plaintiff prays for relief as follows:

1. That the court enter a stay on Defendant's Subpoenas until this Objection Motion is decided;

2. That upon final consideration, Defendant's Subpoenas to Pediatric Adolescent Medicine, Inc., Selma City School Board, Alabama Unemployment Compensation, and Selma Doctors Clinic be quashed; and

3. That she be awarded such other relief, legal or equitable, to which she is entitled, including attorney's fees and costs.

/s/ Ronald B. Hatcher
_____
Ronald B. Hatcher  (HAT 002)
Attorney for Plaintiff
P. O. Box 161442
Atlanta, GA 30321
(404) 526-9440

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Objections To and Motion To Quash Subpoenas and For Stay, together with proposed Orders were served on Defendant's

Attorney, via e-mail transmission and by regular U. S. Mail, at the following address, to wit:

>Atty. Randall Morgan
>Hill, Hill, Carter, Franco, Cole, & Black, PC
>P. O. Box 116
>Montgomery, AL 36101-0116

This 18th day of October, 2007.

>/s/ Ronald B. Hatcher
>Ronald B. Hatcher   (HAT 002)
>Attorney for Plaintiff
>P. O. Box 161442
>Atlanta, GA 30321
>(404) 526-9440

EXHIBIT "A"

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Middle DISTRICT OF Alabama

Yolanda Effinger

V.

Winn Dixie Montgomery Inc

SUBPOENA IN A CIVIL CASE

Case Number: 2:07-CV-657-ID-TFM

TO: Pediatric Adolescent Medicine
618 Medical Center Parkway Suite A
Selma, AL 36701

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED SCHEDULE "A"

| PLACE Randall Morgan, Hill Hill Carter Franco Cole & Black P.C. P O Box 116, Montgomery, AL 36101-0116 | DATE AND TIME 10/22/2007 4:25 pm |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 10/5/2007 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Randall Morgan, Hill Hill Carter Franco Cole & Black PC
P O Box 116, Montgomery, AL 36101-0116

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 10-15-07 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Barbara Shears | hand-delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Chris Morgan | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    10-15-07
                  DATE

SIGNATURE OF SERVER

425 S. Perry St.
Montgomery, AL 36104
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE "A"

**In lieu of appearing:**

All records of any kind including but not limited to new hire documents, applications, resumes, job description, evaluations, certifications, tests, training, adjustments, reprimands, discharge documents, separation documents, disciplinary documents, payroll, W-2 forms, records of absences, doctor notes or excuses, reports of physical examinations, reports by any supervisors, emails, independent contractor contracts, 1099's, insurance, benefits, payroll, and any and all documents related to:

Yoland Effinger
DOB: 02/09/1963
SSN: ***-**-4705

HEATH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT
CERTIFICATION REGARDING SUBPOENA

I, RENA' J. RUSSELL, CP, hereby certify that the statement below is true and accurate.

The individual named in the attached subpoena and/or the legal representative has been given the opportunity to object, and all of the following are correct.

(A) A good faith attempt has been made to provide written notice to the individual (or, if the individual's location is unknown, to mail a notice to the individual's last known address); and

(B) The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C) The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections have been filed; or (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

(See attached notice that was forwarded to the individual and/or representative.)

Signed: _Rena J Russell_   Dated: 10-5-07

Rena' J. Russell
Certified Paralegal
HILL HILL CARTER FRANCO
   COLE & BLACK, P.C.
425 South Perry Street
Montgomery, AL 36104
(334) 386-4365

Pursuant to: Rule 34 ARCP; 45 CFR § 164.512(e)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| YOLANDA R. EFFINGER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: 2:07-CV-657-ID-TFM |
| | * | |
| WINN-DIXIE MONTGOMERY, INC, | * | |
| | * | |
| Defendant. | * | |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

PLEASE TAKE NOTICE that the following discovery documents have been served upon the Plaintiff on behalf of Defendant Jackie David Church:

```
_____   Interrogatories
_____   Answers to Interrogatories
_____   Request for Production
_____   Response to Request for Production
_____   Request for Admissions
_____   Response to Request for Admissions
_____   Notice of Deposition
_____   Other:
  X     Notice of Intent to Serve Subpoena:   Selma City School
                                              Pediatric Adolescent
                                              Unemployment Comp.
                                              Selma Doctor Clinic
```

/s/ *Randall Morgan*
RANDALL MORGAN [MOR037]
Defendant Winn-Dixie Montgomery, Inc

1

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
  COLE & BLACK, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969..FAX

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was duly served via E-Mail and by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid this the ____ day of October, 2007 upon the following:

Ronald B. Hatcher, Esq.
P.O. Box 161442
Atlanta, GA 30321

/s/ *Randall Morgan*
OF COUNSEL

2

```
***********************
***   TX REPORT    ***
***********************

TRANSMISSION OK

TX/RX NO                3209
CONNECTION TEL                13342635969
SUBADDRESS
CONNECTION ID
ST. TIME                10/16 17:12
USAGE T                 00'37
PGS. SENT               1
RESULT                  OK
```

EXHIBIT "B"

# RONALD B. HATCHER
### ATTORNEY AT LAW
### ATLANTA, GA 30303

(404) 526-9440 (Office)
(404) 526-9936 (Facsimile)

Mailing Address:
P. O. Box 161442
Atlanta, GA 30321

Licensed In:
AL, GA, OH, DC

October 16, 2007

Via (334) 263-5969

Mr. Randall Morgan, Esq.
Hill, Hill, Carter, Franco, Cole & Black
P. O. Box 116
Montgomery, AL 36101

    Re:  Yolanda Effinger v. Winn Dixie
         Case No. 2:07-CV-657-ID-TFM

Dear Mr. Morgan:

I have been advised that you have subpoenaed employment records from Dr. Patricia Robinson, Selma, Alabama. I am by copy of this letter advising Dr. Robinson that I object to the subpoena on the following grounds:  (1) I did not get notice of and time to object to the subpoena as required by the federal rules of civil procedure, and (2) I object to any payroll records being disclosed because we are not seeking lost wages from this past employment.

I would appreciate your forwarding a copy of the third party subpoena to me for further response.

Sincerely,

/s/ Ron Hatcher

Ronald B. Hatcher
Cc:  Dr. Patricia Robinson
      Via (334) 874-9585
      Plaintiff

EXHIBIT "C"
Page 1

From: rhatch05@aol.com
To: pferrara@hillhillcarter.com
Subject: Effinger v. Winn Dixie
Date: Tue, 16 Oct 2007 5:42 pm
Attachments: Effinger_Dr._Robinson_10.16.07.doc (26K)

See Attachment objecting to subpoena to Dr. Patricia Robinson.

Atty. Ron Hatcher

Email and AIM finally together. You've gotta check out free AOL Mail!

EXHIBIT "C"
Page 2

# RONALD B. HATCHER
ATTORNEY AT LAW
ATLANTA, GA 30303

---

(404) 526-9440 (Office)
(404) 526-9936 (Facsimile)

Mailing Address:
P. O. Box 161442
Atlanta, GA 30321

Licensed In:
AL, GA, OH, DC

October 16, 2007

Via (334) 263-5969

Mr. Randall Morgan, Esq.
Hill, Hill, Carter, Franco, Cole & Black
P. O. Box 116
Montgomery, AL 36101

    Re:   Yolanda Effinger v. Winn Dixie
           Case No. 2:07-CV-657-ID-TFM

Dear Mr. Morgan:

I have been advised that you have subpoenaed employment records from Dr. Patricia Robinson, Selma, Alabama. I am by copy of this letter advising Dr. Robinson that I object to the subpoena on the following grounds: (1) I did not get notice of and time to object to the subpoena as required by the federal rules of civil procedure, and (2) I object to any payroll records being disclosed because we are not seeking lost wages from this past employment.

I would appreciate your forwarding a copy of the third party subpoena to me for further response.

Sincerely,

/s/ Ronald B. Hatcher

Ronald B. Hatcher
Cc: Dr. Patricia Robinson
      Via (334) 874-9585
      Plaintiff

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

YOLANDA R. EFFINGER    *
                      *
    Plaintiff,        *
                      *    Case No. 2:07-CV-657-ID-TFM
    v.                *
                      *
                      *
WINN DIXIE MONTGOMERY, INC.    *
                      *
    Defendant.        *

## EXHIBIT D

## AFFIDAVIT OF RONALD B. HATCHER, ESQ

I, Ronald B. Hatcher, Esq., being first duly sworn, hereby state as follows:

That I am of legal age and have personal knowledge of the facts contained in this affidavit.

That I am trial counsel for Plaintiff and her sole counsel of record.

The court is hereby advised of the following:

1. I have personally reviewed my office file in this matter. Neither my office or I received any service or service copies of Defendant's Rule 45 Subpoenas to Pediatric Adolescent Medicine, Inc., Selma City School Board, Alabama Unemployment Compensation or Selma Doctors Clinic (Exhibit A).

2. I have personally reviewed my personal e-mail. I did not receive an e-mail with such subpoenas attached (Exhibit A) on October 5, 2007 or any time thereafter. In fact, I did not receive any e-mails from Defendant on October 5, 2007.

3. I did not have any knowledge of Defendant's intent to serve such subpoenas or the actually issuance or service of such subpoenas prior to October 16, 2007, when so advised by Plaintiff.

4. I was not afforded any prior opportunity to object to such subpoenas;

5. That Defendant's counsel has not responded to my written objections to him of October 16, 2007 and my attempts to settle these issues without court intervention; and

6. That her arguments and authorities considered, Plaintiff would be irreparably harmed if either a stay was not impose against immediate compliance with such subpoenas or such subpoenas were not immediately quashed.

This 18th day of October, 2007.

/s/ Ronald B. Hatcher
_____
Ronald B. Hatcher, Esq.

Sworn to and Subscribed before me this

18th day of October, 2007.

/s/ Gwendolyn B. Hatcher
_____
Notary Public
State of Georgia, At Large
Commission Expires: March 7, 2010



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA R. EFFINGER **\*** | |
| **\*** | |
| Plaintiff, **\*** | |
| **\*** | Case No. 2:07-CV-657-ID-TFM |
| v. **\*** | |
| **\*** | |
| **\*** | |
| WINN DIXIE MONTGOMERY, INC. **\*** | |
| **\*** | |
| Defendant. **\*** | |

## TEMPORARY STAY

This matter comes before the Court on Plaintiff's Objections to and Motion to Quash Defendant's Non-Party Subpoenas of October 15, 2007. Upon consideration of Plaintiff's request for a temporary stay contained therein, and Defendant's response to such request, it is HEREBY:

ORDERED that required compliance with such subpoenas heretofore served on Pediatric Adolescent Medicine, Inc., Selma City School Board, Alabama Unemployment Compensation, and Selma Doctor's Clinic is hereby STAYED pending further order of this court.

It is further ORDERED that a copy of this Order by forthwith served on said non-parties by counsel for plaintiff.

SO ORDERED this _____ day of _____, 2007.

_____
United States District Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA R. EFFINGER       * | |
| * | |
| Plaintiff,       * | |
| * | Case No. 2:07-CV-657-ID-TFM |
| v.       * | |
| * | |
| * | |
| WINN DIXIE MONTGOMERY, INC.   * | |
| * | |
| Defendant.       * | |

## ORDER

This matter comes before the Court on Plaintiff's Objections to and Motion to Quash Defendant's Non-Party Subpoenas of October 15, 2007. Upon consideration of such objections and motion, and Defendant's response thereto, it is HEREBY:

ORDERED that Plaintiff's Motion to Quash Defendant's Subpoenas of October 15, 2007 to Pediatric Adolescent Medicine, Inc., Selma City School Board, Alabama Unemployment Compensation, and Selma Doctor's Clinic is GRANTED.

SO ORDERED this _____ day of _____, 2007.

_____
United States District Judge