IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| YOLANDA R. EFFINGER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: 2:07-CV-657-ID-TFM |
| | * | |
| WINN-DIXIE MONTGOMERY, INC. | * | |
| | * | |
| Defendant. | * | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO AND MOTION TO QUASH SUBPOENAS TO NON-PARTIES PEDIATRIC ADOLESCENT MEDICINE, INC., SELMA CITY SCHOOL BOARD, ALABAMA UNEMPLOYMENT COMPENSATION AND SELMA DOCTORS CLINIC, AND FOR STAY**

COMES NOW the Defendant Winn-Dixie Montgomery, Inc. and submits the following in response to Plaintiff's Objection, etc. and moves this Court to overrule said objections and to allow said subpoenas to be issued. Defendant submits On October 5, 2007, it gave notice[1] to Plaintiff of its intent to serve subpoenas on Selma City School, Pediatric Adolescent, Unemployment Compensation, and Selma Doctor Clinic. This Defendant understood the Notice along with the subpoenas were timely sent to Plaintiff. Defendant does not know why Plaintiff did not receive service at least by e-mail. If the subpoenas were inadvertently omitted based on the Notice Plaintiff could have contacted the undersigned and copies of the subpoenas would have been promptly forwarded

---

[1] Defendant acknowledges the Defendant was incorrectly identified on the body of the Notice for which it apologizes. However, it is clear the subpoenas were requested for this Defendant in this case.

1

This incident occurred on August 20, 2006. In her Complaint, Plaintiff seeks damages for physical injury, medical treatment, physical therapy, medical tests, loss wages, pain and suffering and future medicals. Per the Complaint, Plaintiff seeks a substantial sum ($20,000.00) for her claimed loss wages. Attached as Exhibit "A" are Plaintiff's Rule 26 Disclosures. Attached as Exhibit "B" are Plaintiff's answers to Interrogatories. Attached as Exhibit "C" is a portion of Plaintiff's 2006 tax returns and her 2006 W-2's.

In the attached documents, Plaintiff identified Selma Doctors Clinic as one of her medical providers. She also identifies Selma City School as an employer from which she claims loss wages. Pediatric Adolescent is identified as an employer in 2006, the year of this accident. Plaintiff received unemployment compensation benefits in 2006.

*F.R.C.P.* Rule 26(b)(1) provides in pertinent part "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter....Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Wright and Miller* express this notion in the following language: "[I]t is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information may be relevant to the subject matter of the action. 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2008, at 46-47 (1970). Defendant submits it is clearly entitled to have these subpoenas issued and Plaintiff's objections are frivolous and without merit.

Defendant seeks Plaintiff's medical records from Selma Doctors Clinic. It is clearly identified as one of Plaintiff's care providers for this incident, and, Defendant thinks may be Plaintiff's primary care provider. Plaintiff lists as a witness Dr. Park T. Chittom with this group; lists documents from Selma Doctors Clinic as exhibits; asserts as a claim of damages the expense of treatment by Dr. Chittom, and even asserts a substantial claim for future medicals from him. Defendant submits that by filing this lawsuit, Plaintiff has put her physical condition at issue and Defendant is certainly allowed to explore information related thereto. A defendant is entitled to a broad range of information relating to the Plaintiff's medical history when the plaintiff claims damages for physical injuries and mental anguish. *See Ex parte Dumas*, 778 So.2d 798, 801 (Ala. 2000). Defendant fails to see any basis for objecting to these records.

Defendant seeks employment records from Selma City School identified as an employer from which Plaintiff claims loss wages. In fact, per the attached documents, Plaintiff claims $4,400.00 loss wages from Selma City Schools. However, the information provided from Plaintiff's tax returns clearly demonstrates Plaintiff has never earned anywhere close to that much from it before. Defendant is clearly entitled to these employment records to discover, among other things, the terms and conditions of Plaintiff's employment, wages received, her history of employment, and whether there is any substantiation for her extremely high loss wage claim.

Defendant also seeks Plaintiff's employment records from Pediatric Adolescent, one of Plaintiff's employers in 2006. Again, Plaintiff's employment history is at issue, when did she work, why did she leave, any worker's compensation claims? These are the type things which Defendant is clearly entitled to discover.

Defendant also seeks Plaintiff's files and records from the State Unemployment Compensation Division.  Plaintiff's tax returns in 2006, the year of the accident, show she received unemployment compensation benefits.  Defendants are clearly entitled to learn why, when, and for how long, among other things.

Defendant submits the requested documents are routinely requested - usually without objection - in personal injury cases.  Plaintiff wishes to apparently try this case in a vacuum - that is, only looking at what Plaintiff claims post-accident.  However, Defendant is clearly entitled to full discovery on the issues raised.  Plaintiff's effort to curtail Defendant's discovery is frivolous and without any legal or factual support and due to be denied and Defendant's subpoenas are due to be issued.

   /s/ *Randall Morgan*
RANDALL MORGAN [MOR037]
Defendant Winn-Dixie Montgomery, Inc

OF COUNSEL:
**HILL, HILL, CARTER, FRANCO,**
  **COLE & BLACK, P.C.**
425 South Perry Street
P.O. Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969..FAX

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing was duly served via E-Mail, facsimile and by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid this the 26th day of October, 2007 upon the following:

Ronald B. Hatcher, Esq.
P.O. Box 161442
Atlanta, GA 30321

                                 /s/ *Randall Morgan*
                                 OF COUNSEL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA R. EFFINGER | * |
| Plaintiff, | * |
| v. | * Case No. 2:07-CV-657-ID-TFM |
| | * INITIAL DISCLOSURES |
| WINN DIXIE MONTGOMERY, INC. | * |
| Defendant. | * |

Pursuant to FRCP 26(a)(1), Plaintiff makes its mandatory initial disclosures as follows:

    A.    Witnesses:

        1.  Yolanda R. Effinger, Plaintiff
           2104-B Fox Hollow Avenue
           Selma, AL 36701

        2.  Sonja Davis
           2132 Greenview Drive
           Montgomery, AL 36111
           Fact Witness; At store with Plaintiff at time of fall

        3.  Susie P. Watkins
           2106 Kelley Road
           Selma, AL 36703
           Plaintiff's Mother; Made loans to Plaintiff for living expenses

        4.  Norma Myles
           503 Bellbrook Court
           Lawrenceville, GA 30045
           Witness as to loss wages; Fashion Fair

        5.  Mary Johnson
           Owner Hair Express
           1391 E. Highland Ave., #102
           Selma, AL 36703


EXHIBIT A

    Witness as to loss wages; Rents booth to Plaintiff

6. Maria Glover
   Payroll Officer
   Selma City Schools
   300 Washington Street
   Selma, AL 36702
   Witness as to Loss Wages

7. Adam Dollar
   Assistant Manager
   Winn Dixie Store
   4035 Eastern Blvd.
   Montgomery, AL
   Fact Witness

8. LaChandra, Cashier
   Winn Dixie Store
   4035 Eastern Blvd.
   Montgomery, AL
   Fact Witness

9. Jeremy, Bagger
   Winn Dixie Store
   4035 Eastern Blvd.
   Montgomery, AL
   Fact Witness

10. Dr. Shaikh Wahid
    PriMed
    4305 Atlanta Highway
    Montgomery, AL 36109
    Emergency Treatment and Diagnoses

11. Dr. Park T. Chittom
    509 Parkman Avenue
    Selma, AL 36701
    Medical Treatment and causation

12. William Perkins, PT
    Next Step Physical Therapy
    431 Church Street
    Selma, AL 36702

13. Ebony Hatcher
    2006 Summerfield Road
    Selma, AL 36702
    Cancelled Wedding Client

14. Kimaley Thomas
    319 County Road 344
    Selma, AL
    Cancelled Wedding Client

Plaintiff hereby reserves the right to amend this list of witnesses.

B.  Documents:

(1) PriMed

Combined Medical Summary and bill ($440) – dated 8/20/06
Prescription for Naprosyn and Lortab  8/20/06

(2) Selma Doctors Clinic:

Medical Bill dated 1/8/07
Medical Excuse 8/24/06
Physical Therapy Rx  dated 9/6/06
Return to Work Statement  11/30/06
Prescription for Flexeril  8/22/06
Prescription for Lortab  8/22/06
Prescription for Naprosyn  8/24/06
Prescription for Lortab  8/24/06
Progress Notes  8/22/06 thru 11/30/06
Medical Report – Dr. Chittom – dated 3/8/07

(3) Southern Ortopaedic Surgeons

Diagnosis/Prescription – dated 8/21/06 (attached)
Bill dated 8/29/06
Referral (attached)

(4) Next Step Physical Therapy

Bill for $2,281.14

(5) Vaughan Regional Medical Center

Bill for Bone Scan - $1,443 – dated 8/26/06

(6) Selma Open MRI

Bill for $1,500 dated 11/22/06

(7) Selma Radiology

Bill for 43.16 dated 8/23/06

(8) Miscellaneous:

2005 – 2006 Business License – Yogi Beauty
2006 – 2007 Business License – Yogi Beauty
2006 W-2 Selma City Schools
Appointment calendar from August, 2006 thru December, 2007
Fee Schedules for Yogi Beauty
Business Literature for Yogi Beauty as supplied 8/7/07
Account Receivables Ledgers from 2006 and 2007
Canceled Wedding Profiles/Contracts  (attached)

Plaintiff hereby reserves the right to amend this list of documents.

C.   Computation of Damages:

| | | |
|---|---|---|
| PriMed | 8/20/06<br>Dr. Wahid | $440 |
| Southern Orthopaedic | 8/21/06<br>Dr. Feeeman | $115 |
| Selma Doctor's Clinic | 8/22/06-12/06<br>Dr. Chittom | $530 |
| Next Step PT | 10/06-12/06 | $2,281.14 |
| Vaughan Regional | 8/23/06<br>Bone Scan | $1,443 |
| Selma Open MRI | 11/22/06 | $1,500 |
| Selma Radiology | 8/23/06 | 43.16 |

Susie P. Watkins    Loans for living expenses  $3,000.00

Loss Wages Calculations:

(a) Make-Up Consultant:    8/21/06 thru 12/11/06  or 16 weeks

    Weddings:    One (1) per week = $350 on average
                   16 x 350 = $5,600 lost

    Private Consultations:    $20.00 each
                         Average 5 per week or $100 per week

                         $100 x 16 = $1,600 lost

    Total Loss Wages as Make-up consultant thru 12/11/06 = $7,200

(b) Substitute Teacher – Selma City Schools:  8/21/06 thru 12/11/06

    Rate of Pay:  $55 per day
    Missed days:   80 days

    55 x 80 = $4,400 lost

Prescriptions:  $61.00 Out of Pocket

Ankle Bracelet:  $50

Bankruptcy Claim:  $250

Future Medicals:

    Dr. Park Chittom:  $5,000 over life expectancy of 32 years

    Physical Therapy:  $5,000 over life expectancy of 32 years

Pain and Suffering:

    Past:    8/20/06 thru 12/31/06:  $75,000
            (See Pain Questionnaire submitted 9/7/07)

    Future:    $100,000 over life expectancy of 32 years

Plaintiff hereby reserves the right to amend this list of damages.

D. Insurance:

Not applicable

Nonetheless, Plaintiff's health insurance provider is:

TriCare South Region
P. O. Box 7032
Camden, SC 29020

Insured: Evandelish Effinger

September 11, 2007              /s/ Ronald B. Hatcher
                                Ronald B. Hatcher (HAT 002)
                                Attorney for Plaintiff
                                P. O. Box 161442
                                Atlanta, GA 30321
                                (404) 526-9440

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Initial Disclosures was served on Counsel for Defendant, Randall Morgan, Esq., P. O. Box 116, Montgomery, AL 36101, by regular U.S. Mail and via electronic transmission, on this the 11th day of September, 2007.

                                /s/ Ronald B. Hatcher
                                Ronald B. Hatcher
                                Attorney for Plaintiff

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA R. EFFINGER | * |
| Plaintiff, | * |
| v. | * Case No. 2:07-CV-657-ID-TFM |
| WINN DIXIE MONTGOMERY, INC. | * |
| Defendant. | * |

### PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST INTERROGATORIES

Now comes Plaintiff and files his responses and objections to Defendant's First Interrogatories, to wit:

1. State the name and address of each and every doctor Plaintiff has seen for any injury allegedly incurred as a result of this incident.

   A.
   Dr. Michael E. Freeman
   Southern Orthopaedic Surgeons, LLC
   2000 Normandie Drive
   Montgomery, AL 36111

   Dr. Shaikh Wahid
   PriMed
   4305 Atlanta Highway
   Montgomery, AL 36109

   Dr. Park T. Chittom
   Selma Doctor's Clinic
   509 Parkman Avenue
   Selma, AL 36701


EXHIBIT B

5. Itemize with specificity by date, medical provider, and amount all medical expenses Plaintiff alleges to have incurred.

   A.

| Provider | Date | Amount |
|---|---|---|
| PriMed / Dr. Wahid | 8/20/06 | $440 |
| Southern Orthopaedic / Dr. Feeeman | 8/21/06 | $115 |
| Selma Doctor's Clinic / Dr. Chittom | 8/22/06-12/06 | $530 |
| Next Step PT | 10/06-12/06 | $2,281.14 |
| Vaughan Regional / Bone Scan | 8/23/06 | $1,443 |
| Selma Open MRI | 11/22/06 | $1,500 |
| Selma Radiology | 8/23/06 | 43.16 |

6. For each medical bill paid on behalf of Plaintiff by any insurer, please state the following: (a) Name of medical provider, (b) Amount of bill, (c) Name of medical Payor, (d) Date of Payment, (e) Amount paid, and (f) Amount written off by any hospital, doctor, etc.

   A.

   TriCare paid a total of $1,845 of the bill from Next Step PT See 14 insurance statements attached to answers to first requests for production. To my knowledge no portion of the bill was written off.

   TriCare paid $100.10 of the bill from Southern Orthopaedic Surgeons. See insurance statement attached to answers to first request for production. $14.90 was written off.

3

       TriCare paid the total bill of Selma Radiology of $43.16
       See insurance statement attached to answers to first requests
       for production. Nothing written off.

       Could not find TriCare Payments to Selma Doctor's Clinic,
       Vaughan Regional Medical Center, and Selma Open MRI.
       Possibly still pending. Will supplement this response if
       TriCare sends me information.

7. Please state the name of each employee of Defendant with whom Plaintiff spoke at any time concerning the incident, and for each employee, separately, state the following: (a) Date of conversation(s), (b) Name of all participants and witnesses to said conversation, (c) Everything said by each person during the conversation.

   A.

       Jeremy (bagger) – On 8/20/06 asked him in store not to crush my
       groceries just prior to incident. He complied.

       Adam Dollar – On 8/20/06 I asked for manager. Adam Dollar
       came over and began wiping up the liquid substance. He told
       me that he could not find a report form, but took my name,
       address and phone number. I never heard back from him

Sonja Davis was a witness to both of these conversations.
These are the only conversations I recall at this time.

8. If you make a claim for loss wages, please specify the amount of loss wages you claim and the basis for same.

   A.   At the time of the incident I was employed as follows:

       1. Private Make-Up Consultant – performing weddings, trade shows
       and private appointments at stores and salons (self-employment)

       2. Substitute Teacher with Selma City Schools through to date

I have attached to my answers to first requests for production a schedule of loss

wages, W-2s, my appointment calendar from 8/06 – 12/06, letters from the Selma City Schools, and other verification.

**Loss Wages Calculations:**

(a) **Make-Up Consultant:**   8/21/06 thru 12/11/06 or 16 weeks

    Weddings:   One (1) per week = $350 on average
                      16 x 350 = $5,600 lost

    Private Consultations:   $20.00 each
                              Average 5 per week or $100 per week

                              $100 x 16 = $1,600 lost

Total Loss Wages as Make-up consultant thru 12/11/06 = $7,200

(b) **Substitute Teacher – Selma City Schools:**   8/21/06 thru 12/11/06

    Rate of Pay:   $55 per day
    Missed days:   80 days

    55 x 80 = $4,400 lost

    Total Loss Wages Selma City Schools: $4,400

9. State the name and address of all employers from whom Plaintiff has claimed loss wages.

    A.   Self Employed

        Selma City Schools
        300 Washington Street
        Selma, AL 36702

This 7th day of September, 2007.

5

09/07/2007 17:27 FAX 404 526 9936    HATCHER    ☒001/001

*[Signature]*
Yolanda R. Effinger
Plaintiff

## CERTIFICATION

I, Yolanda R. Effinger, Plaintiff, on oath, hereby state that I have read the foregoing Answers and Objections to Defendant's First Interrogatories and that same are true and correct to the best of my knowledge, information and belief.

*[Signature]*
Yolanda R. Effinger, Plaintiff

Sworn to and subscribed before me
on September __, 2007.

*[Signature]*
Notary Public
Commission Expires: 12/6/2008

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's Answers and Objections to Defendant's First Interrogatories were served on Defendant's Attorney, by regular U. S. Mail, at the following address, to wit:

>Atty. Randall Morgan
>Hill, Hill, Carter, Franco, Cole, & Black, PC
>P. O. Box 116
>Montgomery, AL 36101-0116

This 7th day of September, 2007.

*Ronald B. Hatcher*
Ronald B. Hatcher
Attorney for Plaintiff