UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA R. EFFINGER | * |
| | * |
| Plaintiff, | * |
| | * Case No. 2:07-CV-657-ID-TFM |
| v. | * |
| | * |
| | * |
| WINN DIXIE MONTGOMERY, INC. | * |
| | * |
| Defendant. | * |

**MOTION FOR PROTECTIVE ORDER ON DEFENDANT'S DISCLOSURE OF PLAINTIFF'S TAX RETURNS, W-2s AND SOCIAL SECURITY NUMBER**

Now comes Plaintiff, by and through undersigned counsel and moves this court to issue a protective order pursuant to Federal Rule of Civil Procedure 26 (c) sanctioning Defendant's for disclosure of Plaintiff's tax return, W-2s and social security number in *Defendant's Exhibit C* to its pleading styled *Defendant's Response to Plaintiff's Objections to and Motion to Quash Subpoenas to Non-Parties Pediatric Adolescent Medicine, Inc. Selma City School Board, Alabama Unemployment Compensation and Selma Doctor's Clinic,* filed October 26, 2007. As grounds for this motion, Plaintiff hereby states as follows:

1. That Defendant's disclosure of Plaintiff's 2006 federal tax return, 2006 W-2s and her social security number violates this court's protective order entered on September 18, 2007;

2. That Defendant's disclosure of Plaintiff's 2006 federal tax return, 2006 W-2s

and her social security number violates this court's *Standing General Order No. 2:04-mc-3228*, General Order Implementing Requirements of the E-Government Act, entered on December 16, 2004.

Wherefore, Plaintiff prays that the court issue a protective order sanctioning Defendant for said disclosures, and sealing, deleting, redacting or quashing *Defendant's Exhibit C* to said Defendant's Response to Plaintiff's Objections to and Motion to Quash Subpoenas to Non-Parties filed on October 26, 2007.

This 26th day of October, 2007.

/s/ Ronald B. Hatcher
Ronald B. Hatcher (HAT 002)
Attorney for Plaintiff

P. O. Box 161442
Atlanta, GA 30321
(404) 526-9440

Proof of Service

I hereby certify that a copy of the foregoing Motion for Protective Order on Defendant's Disclosure of Plaintiff's Tax Returns, W-2s and Social Security Number, together with attached Memorandum in Support Thereof, were served on Defendant's Counsel, Randall Morgan, Esq., P. O. Box 116, Montgomery, AL 36101, by electronic mail and by regular U. S. Mail on October 26, 2007.

/s/ Ronald B. Hatcher
Ronald B. Hatcher

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

YOLANDA R. EFFINGER           *
                              *
        Plaintiff,            *
                              *   Case No. 2:07-CV-657-ID-TFM
v.                            *
                              *
                              *
WINN DIXIE MONTGOMERY, INC.   *
                              *
        Defendant.            *

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER FOR DISCLOSURE OF TAX INFORMATION**

    A.    <u>Facts</u>:

On October 26, 2007, Defendant e-filed its pleading: *Defendant's Response to Plaintiff's Objections to and Motion to Quash Subpoenas to Non-Parties Pediatric Adolescent Medicine, Inc., Selma City School Board, Alabama Unemployment Compensation and Selma Doctors (sic) Clinic and For Stay.* (Document 20-Main Document). Attached to said Defendant's Response was *Exhibit C* which contained Plaintiff's 2006 Federal Tax Return, Plaintiff's 2006 W-2s and her social security numbers on all documents. (Document 20-4).

    B.    <u>Law</u>:

On September 18, 2007, this court entered the attached protective order (Exhibit A) which prohibited the public disclosure of Plaintiff's tax returns, W-2s and social security number. Defendant violated this protective order in the manner it disclosed

such confidential tax and personal information. See Document 20-4.

On December 16, 2004, this court issued the attached *Standing Order No. 2:04-mc-3228, General Order Implementing Requirements of the E-Government Act* (Exhibit B) prohibiting public disclosure in filings of confidential tax and personal information. Defendant violated this standing order in the manner it disclosed such tax and personal information. See Document 20-4

Under F.R.C.P. 26(c) this court is authorized to fashion and issue an order sanctioning Defendant for such public disclosures, and sealing, deleting, redacting or quashing said *Defendant's Exhibit C* (Document 20-4).

WHEREFORE, Plaintiff prays for an order:

a) Sanctioning Defendant;

b) Sealing, deleting, redacting or quashing said *Defendant's Exhibit C* (Document 20-4).

c) Granting such other relief to which she is entitled.

Submitted October 26, 2007.

/s/ Ronald B. Hatcher
Ronald B. Hatcher (HAT 002)
Attorney for Plaintiff
P. O. Box 161442
Atlanta, GA 30321
(404) 526-9440

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| YOLANDA R. EFFINGER | ) | EXHIBIT A |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cv-657-ID |
| | ) | |
| WINN-DIXIE MONTGOMERY, INC. | ) | |
| | ) | |
| Defendant . | ) | |

### ORDER ON MOTION AND PROTECTIVE ORDER

Pending before the Court is Plaintiff's *Motion for Protective Order on Tax Returns* (Doc. 14, filed September 9, 2007) and *Defendant's Response to Plaintiff's Motion for Protective Order on Tax Returns* (Doc. 16, filed September 17, 2007). For good cause, it is

**ORDERED** the *Motion for Protective Order on Tax Returns* (Doc. 14) is **GRANTED**. However, the Court elects not to use the proposed order submitted by Plaintiff as the proposed order would be too broad in scope. *See* Doc. 14 at p. 5-6. That said, the Court disagrees with Defendant's assertion that Plaintiff has not provided a compelling reason for a protective order. *See* Doc. 16 at ¶ 6. Even caselaw cited by Defendant supports the use of an appropriate protective order. *See Ex parte Morris*, 530 So.2d 785, 789 (Ala. 1988). Specifically, the Alabama Supreme Court notes the fact tax returns may be discoverable "is not to be taken as approval of indiscriminate exposure of the contents of such returns when production of copies is required. Courts may and should make proper protective orders governing the use of and access to the contents of such returns." *Id*.

Consequently, the Court enters this **PROTECTIVE ORDER** which governs all parties and interested non-parties whereby documents relating to Plaintiff's taxes including but not

limited to her federal and state income tax returns shall be designated confidential. Such confidential documents and information shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed to any other person or third party other than:

    a.    Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above-entitled action;

    b.    The parties in the above-styled action;

    c.    The Court and persons employed by the Court working on this litigation;

    d.    Court reporters at the proceedings in this action;

    e.    Experts or consultants retained or consulted by the parties; and

    f.    Deponents, trial witnesses and potential deposition witnesses

Prior to making such disclosure of any confidential documents or information, the person to whom disclosure will be made must be provided with a copy of this Order and must agree to be bound by it. Further, upon request by the producing party, within ninety (90) days of the conclusion of this matter as to all parties, and upon written request of a party all confidential information of such party and all copies thereof shall be returned to counsel for that party or, if that party so requests, shall be destroyed and an affidavit prepared and executed certifying to such destruction and mailed to the party producing that confidential information.

    DONE this 18th day of September, 2007.

                              /s/Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE

EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **GENERAL ORDER IMPLEMENTING** ) | **GENERAL ORDER NO.** |
| **REQUIREMENTS OF** ) | **2:04-mc-3228** |
| **THE E-GOVERNMENT ACT** ) | |

In compliance with the E-Government Act of 2002, as amended on August 2, 2004, and to promote electronic access to case files while also protecting personal privacy and other legitimate interests, it is

ORDERED that Misc. Ord. No. 3144, entered on April 14, 2003, be and is hereby VACATED. It is further

ORDERED that effective immediately and notwithstanding any rule to the contrary, parties to any litigation shall refrain from including, or shall *partially* redact where inclusion is necessary, the following personal *data* identifiers from all pleadings filed with the court, including exhibits to pleadings and other documents, whether filed electronically or by paper, unless otherwise ordered by the court:

   1. **Social Security Numbers**. If an individual's social security number must be included in a pleading, only the last four digits of that number should be used.

   2. **Names of Minor Children**. If the involvement of a minor child must be mentioned, only the initials of that child should be used.

   3. **Dates of Birth**. If an individual's date of birth must be included in a pleading, only the year should be used.

   4. **Financial Account Numbers**. If financial account numbers are relevant, only the last four digits of these numbers should be used.

   5. **Addresses of Individuals**. If the address of an individual is relevant, only the city and state should be used.

It is further ORDERED as follows:

1. Any party wishing to file a document containing the personal data identifiers listed above may do so using one of two (a or b) methods:

a. File a reference list under seal. The reference list shall contain the complete personal data identifier(s) and the redacted identifier(s) used in its (their) place in the filing. All references in the case to the redacted identifiers included in the reference list will be construed to refer to the corresponding complete personal data identifier. The reference list must be filed under seal, and may be amended as of right.

b. File an unredacted version of the document under seal.

2. A party filing under seal an unredacted document containing personal data identifiers shall file simultaneously a redacted copy of the document for the public file. The unredacted version of the document or the reference list shall be retained by the court as part of the record.

The responsibility for redacting these personal identifiers rests solely with counsel and the parties who should not include sensitive information in any document filed with the court unless the information is necessary and relevant to the case. The Clerk of the Court will not review each pleading for compliance with this order. Counsel are urged to notify all clients of this order and the provisions of the E-Government Act of 2002 as amended, so that an informed decision about the inclusion of information in pleadings and

documents may be made. It is the sole responsibility of counsel and the parties to insure that all pleadings and documents filed with court comply with this order concerning the redaction of personal data identifiers.

Done this 16 day of December, 2004.

_____
CHIEF UNITED STATES DISTRICT JUDGE

_____
UNITED STATES DISTRICT JUDGE