UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA R. EFFINGER | * |
| | * |
| Plaintiff, | * |
| | *   Case No. 2:07-CV-657-ID-TFM |
| v. | * |
| | * |
| | * |
| WINN DIXIE MONTGOMERY, INC. | * |
| | * |
| Defendant. | * |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

This memorandum is submitted in support of the foregoing Motion to Compel Responses to Plaintiff's First Set of Interrogatories.

I.   **Statement of Facts:**

On October 31, 2007, Plaintiff submitted her first interrogatories to defendant. Plaintiff's first interrogatories are marked Exhibit C and are attached hereto and incorporated herein. Defendant submitted its responses to such interrogatories on November 30, 2007. Defendant responses to said interrogatories are marked Exhibit D and are attached hereto and incorporated herein.

The initial interrogatories and responses at issue are numbers 2, 3, and 5. These introductory interrogatories are fashioned so that this corporate defendant would select an officer, agent or employee to investigate the facts and circumstances at hand and then respond. Defendant's responses to these interrogatories are so conditional and vague that

it is impossible to ascertan whether reasonable efforts were made to gather information or the affiant was simply engaged in conjecture.

(A) Defendant's further responses, including, but not limited to those to interrogatories 8, 9, 10, 12, and 13, continue the pattern of providing such nebulous responses that Defendant cannot be said to have answered either in the affirmative or negative.

(B) Also, the response to interrogatory 27: "Will supplement in accord with the Court's Uniform Scheduling Order", simply does not answer the question posed at this point in time. The initial disclosures under F.R.C.P. are over 60 days old. Plaintiff should not have to guess as to whether defendant's potential witnesses are the same.

(C) Last, defendant's verification of it responses, and accompanying disclaimer at page 8, do not comply with F.R.C.P 33 (a) or 33 (b)(3).

## II.   ARGUMENT:

### A.   Scope of Discovery:

In tracing the origin and construction of the Alabama Civil Rules of Procedure, the court in <u>Ex Parte Dorsey Trailers, Inc</u>. 397 Sol 2d 98, 103 (1981) stated:

> "Generally speaking, the purpose of modern discovery is to assist the administration of justice, to aid a party in preparing and presenting his case or his defense, to advance the function of a trial in ascertaining truth, and to accelerate the disposition of suits. Beyond this, the rules for discovery are designed to eliminate, as far as possible, concealment and surprise in the trial of lawsuits to the end that judgments be rested upon the real merits of cases and not upon the skill and maneuvering of counsel. (citation omitted). Stated otherwise, the rules seek to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."

United States v. Procter and Gamble Co., 356 U.S.677, 78 S.Ct.983, 2 L.Ed2d 1077 (1958); Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

The Dorsey court continued its prima on the scope of discovery at page 103 by further stating that under Rule 26 discovery is broad and that the "the rule makes it plain that discovery is not limited to matters competent as evidence at trial. 'Relevancy,' as used in our discovery rules, means relevant to the subject matter of the action and a reasonable possibility that the information sought will lead to other evidence that will be admissible." Drewes v. Bank of Wadley, 350 So.2d 402 (Ala. 1977); 8 Wright and Miller, Federal Practice and Procedure Sec. 2008 (1970). See Ex Parte Dorsey Trailers, at page 103.

Further, the Dorsey court makes it clear that answers to interrogatories must be full and complete and that any objections must be specific or will be deemed waived. Ex Parte Dorsey Trailers, at page 104; See also F.R.C.P. 33(b)(3) and (b)(2)(4).

F.R.C.P. 33 contemplates full and complete responses to interrogatories. Evasive and incomplete answers are in violation of F.R.C.P. 37(a)(3). See also Ex Parte Dorsey Trailers, supra.

A corporation is permitted to designate a person to sign responses to interrogatories. F.R.C.P. 33 (b)(1)(B). However, if that designee does not have personal knowledge of the information in the responses, he must verify that the persons providing him with the facts and information to respond stated that such facts and information are true. Otherwise, the requirement that each interrogatory be answered separately and fully in writing *"under oath"* would have no force or effect. F.R.C.P. 33 (b)(1)(B)(3). (Emphasis Added).

**B.    Sufficiency of Responses:**

It is clear from the responses to interrogatories 2, 3, and 5 that defendant does not want to certify that it has made reasonable efforts or inquiries to ascertain the facts or information necessary to properly answer. There apparently has been no personal inquiry as to the truthfulness and accuracy of the purported answers. To plaintiff, this renders defendant's purported answers to interrogatories 2, 3 and 5 suspect. As worded, the responses maybe credible or not credible. There is no way to tell. This court should compel defendant to properly answer the aforesaid interrogatories.

Further, the balance of defendant's responses, specifically responses to interrogatories 8,9,10,12, and 13 are hedged so as not to be affirmative or negative. They therefore do not constitute answers in violation of F.R.C.P. 33 and F.R.C.P. 37. For example, defendant was asked in interrogatory 8 whether it owned the premises in question on the incident date. Defendant's answer was: "Based on information and belief, no. Daniel G. Kamin, 490 South Highland Avenue, Pittsburg, Pennsylvania." Why wouldn't this corporate officer have sufficient information at his disposal to know unconditionally who owned the premises?

Overall, not being answers, Plaintiff cannot avail herself of F.R.C.P. 33 (c) and use such responses to the extent allowed by the Federal Rules of Evidence.

Further, there are no affirmations or certifications by Defendant as to the truthfulness of its responses. Defendant's verification essentially says "don't hold be to anything" and specifically states on page 8 of Exhibit D:

"Disclaimer

The information provided in these responses was derived from a variety of

sources and individuals within Winn-Dixie and its Claims Administrator Sedgwick. Unless specifically indicated, these responses are not based upon the personal knowledge of the undersigned who is the corporate representative designated."

The court is asked to note that the attestation clause also does not stated that any oath is being made by Defendant's designee with respect to any response. The totality of Defendant's responses are unverified and not under oath as required by F.R.C.P. 33.

If defendant is not compel to answer, plaintiff is left with the following dilemma: How can she use defendant's unverified conditional responses to formulate further discovery, evaluate elements of her case, and prepare for trial? Plaintiff does not care what defendant's responses ultimately are, simply that constitute answers under F.R.C.P. 33 and F.R.C.P. 37; See also F.R.C.P. 26(g)(1).

### C. Conclusion:

For all the reasons stated above, the court should grant Plaintiff's motion to compel and require Defendant to fully and completely answer said first interrogatories.

Respectfully submitted this 6th day of December, 2007.

/s/ Ronald B. Hatcher

Ronald B. Hatcher
HAT002
Attorney for Plaintiff
P. O. Box 161442
Atlanta, GA 30321
(404) 526-9440
E-mail: rhatch05@aol.com