IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| YOLANDA R. EFFINGER, | * | EXHIBIT "D" |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: 2:07-CV-657-ID-TFM |
| | * | |
| WINN-DIXIE MONTGOMERY, INC. | * | |
| | * | |
| Defendant. | * | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW the Defendant Winn-Dixie Montgomery, Inc. and herewith responds to Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

Defendant objects to each of Plaintiff's discovery requests to the extent that each is overly broad, vague, unduly burdensome, seeks information not designed nor reasonably calculated to the discovery of relevant evidence; and, purport to request information protected by the attorney/client privilege or the work-product doctrine or seeks information taken and/or prepared in anticipation of litigation, or privileged, not subject to discovery or which otherwise are impermissible subjects of discovery under the rules of civil procedure.

Defendant further objects to each discovery request to the extent each seeks documents or things which constitute confidential, proprietary information, or to which Defendant has a duty or obligation of confidentiality with respect to persons or entities not parties to this litigation. This objection is made specifically, but without limitation, with respect to any request which entails disclosure of the identities or other confidential

1

information of persons not parties to this litigation, whose privacy rights would be violated by such disclosure.

## SPECIFIC RESPONSES

1. Please identify yourself by full name, address, occupation and office or position you hold with Defendant Winn Dixie Montgomery, Inc.?

RESPONSE: These are the responses of Winn-Dixie Montgomery, Inc; they are signed on its behalf by Robert Faison.

2. Are you authorized to answer these interrogatories on behalf of Defendant Winn Dixie Montgomery, Inc.?

RESPONSE: The undersigned is authorized to sign these responses on behalf of this Defendant.

3. Prior to answering these interrogatories on behalf of said Defendant, have you made due and diligent search of all books, records, and papers of defendant and due and diligent inquiry of all agents and employees of defendant in order to elicit all information available regarding the claims and defenses at issue in this case?

RESPONSE: Based on information and belief, reasonable inquiry has been made on behalf of this Defendant.

4. Do you have first hand knowledge of the facts and allegations raised by the complaint and answer in this case? If so, please state the bases for your knowledge?

RESPONSE: No.

5. Have you ever spoken to Plaintiff regarding the facts of this case? If so, please state as to such conversation(s) all particulars, including but not limited to the date, time, location and what was said by you and Plaintiff?

2

RESPONSE: The undersigned has not; however, based on information and belief, Adam Dollar did.

6. Please list the full names, addresses and occupations of all agents or employees who have spoken with Plaintiff regarding the matters and fall mentioned or raised in Plaintiff's complaint?

RESPONSE: Based on information and belief, Adam Dollar.

7. Please state in detail what facts are known to defendant's regarding plaintiff's fall on defendant's premises on August 20, 2006, including, but not limited to the manner, type, or reason for the fall she had?

RESPONSE: Defendant objects as overly broad; however, without waiving said objections, Defendant regularly inspected and reasonably maintained the premises and was unaware of the presence of any foreign substance in the floor prior to Plaintiff's alleged fall.

8. Did defendant own the premises where Plaintiff fell on August 20, 2006? If not, please state the name and address of the owner?

RESPONSE: Based on information and belief; no. Daniel G. Kamin, 490 South Highland Avenue, Pittsburgh, Pennsylvania 15206.

9. Was defendant in possession and control of the premises where Plaintiff fell on August 20, 2006?

RESPONSE: Based on information and belief, yes.

10. Was Plaintiff a trespasser at the time of her fall on defendant's premises? If so, please state the facts which support your answer?

RESPONSE: Based on information and belief, no.

11. Was Plaintiff a licensee at the time of her fall on defendant's premises? If so, please state the facts which support your answer?

RESPONSE: Based on information and belief, no.

12. Please identify the specific location in defendant's premises where plaintiff fell?

RESPONSE: Based on information and belief, in the front of the store.

13. Did defendant find a foreign or liquid substance at the exact area where plaintiff fell on August 20, 2006?

RESPONSE: Based on information and belief, a small amount of water was discovered after Plaintiff's alleged fall.

14. If your answer to Interrogatory 12 above is in the affirmative, please identify the foreign substance, its source, amount and attributes?

RESPONSE: Based on information and belief, a small amount of water, the source is unknown.

15. Please give the names, occupations and addresses of all persons known to defendant who witnessed plaintiff's fall on August 20, 2007?

RESPONSE: Based on information and belief, this Defendant is not aware of anyone who actually witnessed Plaintiff's fall, other than possibly the purported witness whose name was furnished by Plaintiff's attorney.

16. Did defendant, its agents or employees have any knowledge of the existence of the liquid substance which plaintiff's refers to in her complaint?

RESPONSE: Based on information and belief, not prior to the reported fall.

17. If your answer to Interrogatory 16 above is in the affirmative, please state:

a. How long had defendant or its agents or employees acquired such knowledge?

4

b. How long had defendant or its agents or employees knew of that the liquid substance had exited prior to the fall alleged by plaintiff?

RESPONSE: Not applicable.

18. Please state in detail any warning or signals, oral or written, given by defendant to plaintiff or others prior to the time of the fall alleged by plaintiff?

RESPONSE: Based on information and belief, Defendant is not aware of the presence of any foreign substance on the floor, prior to Plaintiff's alleged fall.

19. On August 20, 2006, did defendant or its agents or employees make any examination or inspection of the specific area where plaintiff fell?

RESPONSE: Based on information and belief, the floor was observed after Plaintiff's reported fall.

20. If you answer to Interrogatory 19 above is in the affirmative, please state:

a. the time(s) of such examination or inspection?

b. the person(s), including name, address and occupation, performing such examination or inspection?

c. What such examination(s) or inspection(s) revealed?

d. The action(s) taken by defendant as to any condition or situation found?

RESPONSE: Based on information and belief, after Plaintiff's alleged fall, Adam Dollar observed a small amount of water on the floor, which was cleaned.

21. Please state in detail everything defendant or its agents or employees did to prevent Plaintiff's fall

5

RESPONSE: Defendant objects to the form as overly broad, vague, calls for a legal opinion and improperly imposes an incorrect legal duty on Plaintiff; however, without waiving said objections, Defendant frequently inspected the premises, cleaned on a regular basis and more often if needed and had a floor safety practice in place.

22. Please state in detail defendant's floor maintenance protocol in effect on August 20, 2006 and the persons responsible for same?

RESPONSE: See response to interrogatory number 21 and produced document.

23. Did plaintiff in any way commit any act or omission which contributed to her fall on August 20, 2006 on defendant's premises?

RESPONSE: Unknown; but Defendant contends the conditions were open and obvious; will supplement if necessary.

24. Please state any injuries plaintiff complained of after falling in defendant's premises on August 20, 2006?

RESPONSE: Based on information and belief, Plaintiff claimed her lower leg was hurting.

25. Did defendant or its agents or employees observed any injury sustained by plaintiff on August 20, 2006 while at defendant's premises?

RESPONSE: Based on information and belief, no visible injury was observed.

26. Did defendant or its agents or employees rendering any assistance to plaintiff after her fall at defendant's premises on August 20, 2006?

RESPONSE: Based on information and belief, yes.

27. Please list the names, occupations and addresses of all fact witnesses defendant

expects to call at trial?

    RESPONSE:    Will supplement in accord with the Court's Uniform Scheduling Order.

    28.    Please list the names, occupations and addresses of all expert witnesses defendant expects to call at trial and the subject and substance of their expected testimony?

    RESPONSE:    Will supplement in accord with the Court's Scheduling Order.

    29. Is there a video tape of plaintiff's fall or the area where she fell?

    RESPONSE:    Based on information and belief, no.

    [SIGNATURES ON FOLLOWING PAGE]

## DISCLAIMER

The information provided in these responses was derived from a variety of sources and individuals within Winn-Dixie and its Claims Administrator, Sedgwick. Unless specifically indicated, these responses are not based upon the personal knowledge of the undersigned who is the corporate representative designated.

WINN-DIXIE MONTGOMERY, INC.

By:_____
As its: _____

STATE OF FLORIDA
COUNTY OF DUVAL_____

Personally appeared before me, _____, who acknowledged that he in his capacity as _____ executed the foregoing instrument as the representative designated.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of my office on this _____ day of_____, 2007.

_____
NOTARY PUBLIC
My Commission Expires:_____

/s/ *Randall Morgan*
RANDALL MORGAN [MOR037]
Defendant Winn-Dixie Montgomery, Inc

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
 COLE & BLACK, P.C.
425 South Perry Street
P.O. Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969..FAX

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was duly served via E-Mail, facsimile and by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid this the 30th day of November, 2007 upon the following:

Ronald B. Hatcher, Esq.
P.O. Box 161442
Atlanta, GA 30321

/s/ *Randall Morgan*
OF COUNSEL

9