# RONALD B. HATCHER
## ATTORNEY AT LAW
### ATLANTA, GA 30303

EXHIBIT "A"

(404) 526-9440 (Office)
(404) 526-9936 (Facsimile)

Mailing Address:
P. O. Box 161442
Atlanta, GA 30321

Licensed In:
AL, GA, OH, DC

November 30, 2007

Via RMorgan@hillhillcarter.com
Via Fax (334) 263-5969
Via U. S. Mail

Atty. Randall Morgan
Hill, Hill Carter
P. O. Box 116
Montgomery, AL 36101

    Re:   Effinger v. Winn Dixie Montgomery, Inc.

Dear Mr. Morgan:

Defendant's responses to Plaintiff's discovery requests are wholly inadequate. Further, my specific objections are:

Interrogatories:

1. It appears that the corporate officer responding did not even investigate the facts of the situation.

2. Further, I asked whether Robert Faison was authorized to answer the interrogatories and your answer was that he was "authorized to sign". What does that mean?

3. Question 27 asked for your fact witnesses. You state you will supplement without stating "yes" or "no". I do not know whether you have fact witnesses or not.

Requests for Production:

4. When is an incident or accident report covering the fall privileged? Even if portions are, it needs to be at minimum identified.

5. Witness statements are clearly discoverable. They can lead to admissions, substantiation of claims, and elimination of defenses.

Randall Morgan, Esq.
Discovery Dispute
November 30, 2007
Page 2

6. Rule 45 documents are routinely sent. What is there to inspect? If you want to charge me for copying just say so.

7. You have responded to several questions "Will supplement in accord with the Court's Uniform Scheduling Order". There are numerous problems with this, the main one being I have deadlines which end far ahead of the end of discovery such as amendment to pleadings and selection and naming of experts.

I ask you to rethink your non-responses, objections based on work-product, over breath, anticipation of litigation and answer to request or question will not lead to discoverable evidence. These are not good faith responses. They are evasions.

This is a good faith attempt to resolve discovery disputes. I need your agreement to comply within three (3) business days. If you refuse to correct matters, I will have no choice but to file a motion to compel and a motion for protective order requesting a halt on plaintiff being required to participate in discovery.

Sincerely,

/s/ Ronald B. Hatcher

Ronald B. Hatcher
cc: Terry G. Davis, Esq.