EXHIBIT "B"

 Hill Hill Carter

Randall Morgan
Facsimile: 334-263-5969
rmorgan@hillhillcarter.com

Hill, Hill, Carter,
Franco, Cole & Black, P.C.
*Attorneys at Law*

Post Office Box 116
Montgomery, AL 36101-0116

425 South Perry Street
Montgomery, Alabama 36104

Telephone: 334 834-7600
www.HillHillCarter.com

December 5, 2007
*VIA E-MAIL, FACSIMILE & U.S. MAIL*

Ronald B. Hatcher, Esq.
P.O. Box 161442
Atlanta, GA 30321

Re:   YOLANDA R. EFFINGER v. WINN-DIXIE MONTGOMERY, INC.

Dear Mr. Hatcher:

I am responding to both your November 30th and December 5th letters. First, I do not agree that my responses are not in good faith and evasive. Second, in my opinion, three business days is an unreasonably short period of time, especially since I explained to you today I was tied up Monday and Tuesday and not able to devote any time to this case. Finally, I am not certain of the reason for the inclusion of the last paragraph in your December 5th letter, which I find offensive as it appears to be questioning my legal ability. Addressing your specific objections:

Interrogatories:

1-2.   These are the responses of the Defendant, a corporation. Mr. Faison is the person designated by Winn-Dixie to respond on its behalf to the interrogatories. While Mr. Faison may not have actually performed the investigation himself, the responses are based on information available to the corporation.

3.   You do know I have fact witnesses. In the Initial Disclosures which I filed September 17, 2007, I provided you the names of two employees and specifically designated each as a fact witness. I think Winn-Dixie's response to question #27 is more than adequate. I am not required to submit a witness list today. If there are additional fact witnesses to be used, I will either supplement the Initial Disclosures or provide those names on the Witness List which will be timely filed.

Ronald B. Hatcher, Esq.
December 5, 2007
Page 2

Requests for Production:

4.      Winn-Dixie is unable to locate an incident report. If one is discovered, I will advise you and if necessary, supplement this response. In the meantime though, especially since I do not have an incident report to review and see what it contains, I stand by my objection.

5.      I disagree with you that witness statements are discoverable. I have only one witness statement, that of an employee which was taken for my client. In my opinion, it is clearly privileged and not discoverable.

6.      If this refers to my response to Request for Production #9 and you want me to provide you copies, rather other than making them available for inspection, that is fine and I will do so.

7.      I, in fact, have responded to several requests by indicating I would supplement in accord with the Court's Uniform Scheduling Order. Specifically, those responses were to requests numbered 7, 8 and 19 which request trial witnesses, experts and exhibits to be offered at trial. I am not required to respond to those requests today. I will comply with the specific dates for these exchanges set by the Court in its Uniform Scheduling Order.

Since I was unable to depose your client earlier due to trial conflicts, I wrote you again for dates to depose Plaintiff. I have not heard from you. I would appreciate if, by this Friday, you would provide dates when Plaintiff can be made available in December or early January for deposition.

Sincerely

*Randall Morgan*

Randall Morgan
RM/pbf