UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| YOLANDA R. EFFINGER | * |
| | * |
| Plaintiff, | * |
| | * Case No. 2:07-CV-657-ID-TFM |
| v. | * |
| | * |
| | * |
| WINN DIXIE MONTGOMERY, INC. | * |
| | * |
| Defendant. | * |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION**

This memorandum is submitted in support of the foregoing Motion to Compel Responses to Plaintiff's First Set of Requests for Production.

**I.    Statement of Facts:**

This a slip and fall complaint for general and special damages. It thus involves claims and defenses commonly involved in premises liability cases. Defendant denies liability and responsibility for damages.

On October 31, 2007, Plaintiff submitted her first requests for production to defendant. Plaintiff's first requests are marked Exhibit C and are attached hereto and incorporated herein. Defendant submitted its responses to such requests on November 30, 2007. Defendant responses to said requests are marked Exhibit D and are attached hereto and incorporated herein.

Defendant objected to and did not produce documents and things relating to the following requests:

Request 3.   Incident report or accident report of fall in question.

Request 4.   Witness statements regarding plaintiff's fall.

Request 6.   Computer or electronic records which support defenses

Request 13.  Incident reports involving falls on defendant premises for 2005 and 2006.

Request 14.  Slip and fall claims against defendant at subject premises For 2005 and 2006.

Request 15.  Court complaints against defendant for slip and fall claims for 2005 and 2006.

Request 16.  Depositions by Defendant, its agent or employees regarding slip and fall claims at subject premises for 2005 and 2006.

Plaintiff contends that such objections and non-production are unwarranted under the facts, claims and defenses presented by this case.

## II.   ARGUMENT:

### A.   Scope of Discovery:

In tracing the origin and construction of the Alabama Civil Rules of Procedure, the court in Ex Parte Dorsey Trailers, Inc. 397 Sol 2d 98, 103 (1981) stated:

> "Generally speaking, the purpose of modern discovery is to assist the administration of justice, to aid a party in preparing and presenting his case or his defense, to advance the function of a trial in ascertaining truth, and to accelerate the disposition of suits. Beyond this, the rules for discovery are designed to eliminate, as far as possible, concealment and surprise in the trial of lawsuits to the end that judgments be rested upon the real merits of cases and not upon the skill and maneuvering of counsel. (citation omitted). Stated otherwise, the rules seek to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."

United States v. Procter and Gamble Co., 356 U.S.677, 78 S.Ct.983, 2 L.Ed2d 1077 (1958); Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

The Dorsey court continued its prima on the scope of discovery at page 103 by further stating that under Rule 26 discovery is broad and that the "the rule makes it plain that discovery is not limited to matters competent as evidence at trial. 'Relevancy,' as used in our discovery rules, means relevant to the subject matter of the action and a reasonable possibility that the information sought will lead to other evidence that will be admissible." Drewes v. Bank of Wadley, 350 So.2d 402 (Ala. 1977); 8 Wright and Miller, Federal Practice and Procedure Sec. 2008 (1970). See Ex Parte Dorsey Trailers, at page 103.

Under F.R.C.P. 34, defendant is required to produce any document, thing or electronic media encompassed by F.R.C.P. 26(b).

In premise liability cases, as here, plaintiff must show that: ". . . her injury resulted from a defect or instrumentality on the premises; that such defect was the result of the defendant's negligence; and that that the defendant had or should have had notice of the defect before the time of the accident." Hale v. Sequoyah Caverns & Campgrounds, Inc., 612 So.2d 1162, 1164 (Ala. 1992). Necessarily, knowledge, actual or constructive, present and past structural conditions, and other incidents are probative in any premises liability case. See generally Edwards v. Intergraph Services Co., Inc., 2007 ALCIV 2060553 – 111607 (November 16, 2007). Each of plaintiff's aforementioned requests is intended to explore these areas of required proof with respect to the facts and issues of this case..

Plaintiff contends that when imposing objections based on "anticipation of

litigation" and work product", defendant is required to prepare and provide a *privilege log*. (Emphasis Added). See F.R.C.P. 26(b)(5). Otherwise, there is no opportunity to evaluate or contest non-production.

Alabama cases also consistently hold as follows: "Under Rule 26(b)(3), the party objecting to discovery bears the burden of establishing the elements of the work product exception." Ex parte Garrick, 642 So.2d 951 (Ala. 1994). As well, "When it is asserted that an otherwise discoverable document was made "in anticipation of litigation", the objecting party bears the burden of proving the elements of the work-production exception of Rule 26(b)(3)." Sims v. Knollwood Park Hosp. 511 So. 2d 154, 156 (Ala. 1987).

An examination of defendant's non-production is discussed next.

### Discussion: Defendant's Objections to Requests:

**Request 3**. Incident report or accident report of fall in question:

Incident reports and accident reports are discoverable in this context. See Ex Parte Cryer, 814 So.2d 239 (2001) generally and specifically at page 247; Hampton v. Bruno's, Inc. 646 So.2d. 597 (1994). For attorney-client privilege standards see Ex Parte Cummings, 776 So.2d 771, 775 (2000).

**Request 4**. Witness statements regarding plaintiff's fall:

Clearly discoverable pursuant to Smith v. State Farm Mutual, 761 So.2d 1000, 1004 (2000); Ex Parte Cummings, supra.

**Request 6**. Computer or electronic records which support defenses:

Clearly discoverable under F.R.C.P. 26(b)(2)(B); Ex parte Cooper Tire & Rubber

Co., 2007 ALSC 1050638 – 102607 (October 26, 2007), page 13; and Smith v. State Farm, supra.;Ex Parte Cummings, supra.

> **Request 13.** Incident reports involving falls on defendant premises for 2005 and 2006:

Clearly discoverable under F.R.C.P. 26(b)(2)(B); Ex parte Cooper Tire & Rubber Co., 2007 ALSC 1050638 – 102607 (October 26, 2007), pp. 6-7); and Smith v. State Farm, supra.;Ex Parte Cummings, supra; Smith v. State Farm Mutual, supra. Kmart Corp. v. Peak, 757 So.2d 1138 (2000).

> **Request 14.** Slip and fall claims against defendant at subject premises For 2005 and 2006.

Clearly discoverable under F.R.C.P. 26(b)(2)(B); Ex parte Cooper Tire & Rubber Co., 2007 ALSC 1050638 – 102607 (October 26, 2007), pp. 6-7); and Smith v. State Farm, supra.;Ex Parte Cummings, supra; Smith v. State Farm Mutual, supra. Kmart Corp. v. Peak, 757 So.2d 1138 (2000).

> **Request 15.** Court complaints against defendant for slip and fall claims for 2005 and 2006.

Clearly discoverable under F.R.C.P. 26(b)(2)(B); Ex parte Cooper Tire & Rubber Co., 2007 ALSC 1050638 – 102607 (October 26, 2007), pp. 6-7); and Smith v. State Farm, supra.;Ex Parte Cummings, supra; Smith v. State Farm Mutual, supra. Kmart Corp. v. Peak, 757 So.2d 1138 (2000).

> **Request 16.** Depositions by Defendant, its agent or employees regarding slip and fall claims at subject premises for 2005 and 2006.

Clearly discoverable under F.R.C.P. 26(b)(2)(B); Ex parte Cooper Tire & Rubber Co., 2007 ALSC 1050638 – 102607 (October 26, 2007), pp. 6-7); and Smith v. State Farm, supra.;Ex Parte Cummings, supra; Smith v. State Farm Mutual, supra. Kmart

Corp. v. Peak, 757 So.2d 1138 (2000).

### B. Conclusion:

For all the reasons stated above, the court should grant Plaintiff's motion to compel and require Defendant to produce the aforementioned documents and things.

Respectfully submitted this 6th day of December, 2007.

/s/ Ronald B. Hatcher
_____
Ronald B. Hatcher
HAT002
Attorney for Plaintiff
P. O. Box 161442
Atlanta, GA 30321
(404) 526-9440
E-mail: rhatch05@aol.com