IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| YOLANDA R. EFFINGER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.: 2:07-CV-657-ID-TFM |
| | * | |
| WINN-DIXIE MONTGOMERY, INC. | * | |
| | * | |
| Defendant. | * | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

COMES NOW Winn Dixie Montgomery, Inc., the Defendant in the above styled cause (hereinafter referred to at times as "Winn Dixie"), who responds as follows to the Motion to Compel filed by the Plaintiff, which is due to be denied by this Court.

**OVERVIEW**

Contrary to Plaintiff's assertion, this Defendant has in fact responded in full to Plaintiff's discovery requests with all answers, information, and documents it possesses in regard to this matter, with the exception of those documents which are privileged, comprise attorney work product, and/or comprise material which was prepared in anticipation of litigation. Rule 26(b) permits the discovery of any non-privileged material "relevant to the claim or defense of any party," where "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, while relevance for purposes of discovery is defined broadly, the right to discovery is not unlimited and does have "ultimate and necessary boundaries." *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451

1

(1947); *Ex parte Mobile Fixture and Equipment Co., Inc.*, 630 S0.2d 358 (Ala. 1993). Plaintiff's complaints in her Motion to Compel about Defendant's responses appear to be little more than an attempt to complain or harass the Defendant for no clear purpose, and are due to be denied. Additionally, as established by the attached Affidavit of Kerry Ledbetter, Defendant's claims for privilege are to be sustained. Within only a few days after the accident, Plaintiff's attorney put Winn-Dixie on notice of potential litigation.

Moreover, the Defendant requests the Court to examine closely Plaintiff's November 30, 2007 letter. First, the Plaintiff allowed only three business days in which to purportedly attempt to resolve any discovery dispute. (See, Exhibit "A"). This was much too short a time, especially in view of the fact the attorney for the Defendant was involved in a mediation during that time period. The undersigned e-mailed Plaintiff's attorney and explained his dilemma and requested three more business days in which to attempt to resolve the dispute. (See, Exhibit "B") Plaintiff's attorney refused. (See, Exhibit "C").

Also, in his November 30th letter, Plaintiff's attorney complained about very few specific objections he had to the responses. For instance, in his November 30, 2007 letter which Plaintiff's attorney represents was an attempt to resolve the dispute, he only specifically complained about interrogatory 27 and perhaps 2 and 3. However, in the Motion to Compel, he included interrogatories 5, 8, 9, 10, 12 and 13 about which he had not previously complained. Similarly, in the November 30th letter, he set out specific complaints only about requests for production 3 and 4, and what appears to be 7, 8, 9 and 19. However, in the Motion to Compel, he includes requests 13-16 about which he had not made any effort to resolve any problems.

**INTERROGATORIES**

Plaintiff first complains about Defendant's responses to interrogatories 2 and 3, specifically that the person who signed the interrogatory responses was apparently not the person who personally investigated her claim. However, Rule 33(b)(1)(B), F. R. Civ. P., (as amended of 12/1/07) clearly states that when a party is responding to discovery requests, if that party is a public or private corporation, a partnership, an association, or a governmental agency, interrogatories may be answered by any officer or agent of that corporation, who must furnish the information available to the party.  As has been previously explained to the Plaintiff, Defendant's signatory is the person who has been designated by Defendant Winn Dixie to respond on behalf of the corporation and as such is an entirely proper signatory under the rules.

Further, the Defendant has also sworn under oath that it has made a reasonable inquiry/investigation of this matter pursuant to the applicable rules of discovery and civil procedure, and has also answered and/or turned over all materials and information found pursuant to this inquiry; as such, the Plaintiff's bald assertion that the Defendant is deceiving her and/or refusing to answer her requests is both factually inaccurate and offensive.

As for interrogatories  5, 8, 9, 10, 12 and 13, frankly, the Defendant does not know how it could have answered them in any "better" way.  The response to number 5 clearly identified the employee of whom Defendant is aware who spoke with Plaintiff. Interrogatory 8 both informed the Plaintiff that it did not own the property in question and provided her with the information as to the property's true owner, which was the precise information requested by Plaintiff.  The responses to interrogatories 9, 10, 12 and 13 clearly provide

Plaintiff with the information Defendant possesses. Also as submitted earlier, Plaintiff made no specific complaint about these questions in his November 30th letter.

Finally, Plaintiff complains Defendant's response to interrogatory 27 is insufficient. Plaintiff's request and Defendant's response are as follows:

> "27.  Please list the names, occupations and addresses of all fact witnesses defendant expects to call at trial?
>
> RESPONSE:    Will supplement in accord with the Court's Uniform Scheduling Order. "

Plaintiff's attorney, in his November 30th letter, claimed he did not know whether Defendant had fact witnesses or not. However, as was pointed out to him (See, Exhibit "D") Defendant listed all known fact witnesses in its initial disclosures. Plaintiff now lamely claims these disclosures are over 60 days old and he should not have to "guess" if the witnesses are the same. Plaintiff's complaints are patently frivolous. Defendant furnished such information in the first initial disclosure required by this Court. Plaintiff herself listed two other employees. Defendant will of course supplement its responses if new witnesses are found and will also comply with all court-ordered deadlines for the disclosure of witnesses, expert or otherwise. The Defendant simply does not know what else to say about this subject.

### **REQUESTS FOR PRODUCTION**

Plaintiff complains Defendant did not produce the incident report or accident report about the specific incident. As was clearly set out in the undersigned's letter (Exhibit "D") to Plaintiff's attorney, Winn-Dixie cannot locate any such report.

Plaintiff complains about the Defendant's refusal to provide her with certain employee witness statements which were taken after her fall in anticipation of litigation.

Work product protection applies to "documents and tangible things ... prepared in anticipation of litigation or for trial" by or on behalf of a party. Fed. R. Civ. P. 26(b)(3). The party asserting the privilege has the burden of proving the existence of the privilege. See, *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir.1991) (attorney-client privilege); *Grand Jury Proceedings v. United States,* 156 F.3d 1038, 1042 (10th Cir.1998) ( "the party asserting work product privilege has the burden of showing the applicability of the doctrine" ); *Binks Mfg. Co. v. Nat'l Presto Indus.,* 709 F.2d 1109, 1119 (7th Cir.1983) ( "the party seeking to assert the work product privilege has the burden of proving that 'at the very least some articulable claim, likely to lead to litigation, [has] arisen.' " (citations omitted)); *Conoco Inc. v. U.S. Dep't of Justice,* 687 F.2d 724, 730 (3d Cir.1982) ("the party asserting work product protection has the burden of demonstrating that the documents were 'prepared in anticipation of litigation' ").

      Attached hereto is the affidavit of Kerry Ledbetter, an employee of Winn Dixie Montgomery.  It is her sworn testimony that any employee witness statements regarding this matter was taken after Plaintiff's attorney put Winn-Dixie on notice of a potential claim and in anticipation of litigation.  Thus, it is clearly privileged information and/or attorney work product.  In addition, Plaintiff cannot demonstrate to this court that she cannot obtain this information by any other means; she has in fact been given the names of Winn Dixie employees by Defendant and listed two others herself and is free to depose them regarding the same, provided of course proper notice is given to the Defendant and a mutually agreeable time can be set.

      Plaintiff complains about request for production 6 wherein she requests "copies of any computer record or, electronic data or media within Defendant's possession which

supports the defenses raised in or by its answer". Defendant assumes Plaintiff is seeking demonstrative evidence and it produced a copy of its floor policy which supports its defense. It is unclear what else Plaintiff seeks and, this request is so broad as to be invasive of a number of privileges not excluding the attorney-client privilege. Surely Plaintiff is not seeking correspondence between Defendant and its attorney nor have any depositions been taken to narrow the issues. Defendant can supplement its disclosures and/or these responses to discovery requests if necessary and will also file a timely exhibit list. Again, Defendant wants to point out that Plaintiff did not complain about this request in his November 30th letter and had he done so, perhaps there could have been some narrowing of the scope of this clearly overly broad request.

Similarly, for requests 13-16, Plaintiff did not complain nor seek to resolve those in his November 30th letter. Defendant submits there is no relevance to either request 13 or 14. As demonstrated, Winn-Dixie is entitled to a privilege on these matters. As for requests 15 and 16, Defendant has supplemented its responses to these requests to reflect there were none.

## **CONCLUSION**

Based upon the foregoing, Defendant Winn Dixie Montgomery, Inc., submits that Plaintiff's motions to compel are patently frivolous and respectfully requests that the Plaintiff's Motions to Compel be DENIED in their entirety, and that this court grant the Defendant such other relief as may be proper.

/s/ *Randall Morgan*
RANDALL MORGAN [MOR037]
Attorney For Defendant

OF COUNSEL:
**HILL, HILL, CARTER, FRANCO,**
 **COLE & BLACK, P.C.**
425 South Perry Street
P.O. Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600
(334) 263-5969..FAX

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was duly served via Electronic filing, facsimile, and by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid this the 17th day of December, 2007 upon the following:

Ronald B. Hatcher, Esq.
P.O. Box 161442
Atlanta, GA 30321

/s/ *Randall Morgan*
OF COUNSEL

**RONALD B. HATCHER**
ATTORNEY AT LAW
ATLANTA, GA 30303

(404) 526-9440 (Office)
(404) 526-9936 (Facsimile)

Mailing Address:
P. O. Box 161442
Atlanta, GA 30321

Licensed In:
AL, GA, OH, DC

November 30, 2007

Via RMorgan@hillhillcarter.com
Via Fax (334) 263-5969
Via U. S. Mail

Atty. Randall Morgan
Hill, Hill Carter
P. O. Box 116
Montgomery, AL 36101

    Re: Effinger v. Winn Dixie Montgomery, Inc.

Dear Mr. Morgan:

Defendant's responses to Plaintiff's discovery requests are wholly inadequate. Further, my specific objections are:

Interrogatories:

1. It appears that the corporate officer responding did not even investigate the facts of the situation.

2. Further, I asked whether Robert Faison was authorized to answer the interrogatories and your answer was that he was "authorized to sign". What does that mean?

3. Question 27 asked for your fact witnesses. You state you will supplement without stating "yes" or "no". I do not know whether you have fact witnesses or not.

Requests for Production:

4. When is an incident or accident report covering the fall privileged? Even if portions are, it needs to be at minimum identified.

5. Witness statements are clearly discoverable. They can lead to admissions, substantiation of claims, and elimination of defenses.

EXHIBIT A

Randall Morgan, Esq.
Discovery Dispute
November 30, 2007
Page 2

6. Rule 45 documents are routinely sent. What is there to inspect? If you want to charge me for copying just say so.

7. You have responded to several questions "Will supplement in accord with the Court's Uniform Scheduling Order". There are numerous problems with this, the main one being I have deadlines which end far ahead of the end of discovery such as amendment to pleadings and selection and naming of experts.

I ask you to rethink your non-responses, objections based on work-product, over breath, anticipation of litigation and answer to request or question will not lead to discoverable evidence. These are not good faith responses. They are evasions.

This is a good faith attempt to resolve discovery disputes. I need your agreement to comply within three (3) business days. If you refuse to correct matters, I will have no choice but to file a motion to compel and a motion for protective order requesting a halt on plaintiff being required to participate in discovery.

Sincerely,

/s/ Ronald B. Hatcher

Ronald B. Hatcher
cc: Terry G. Davis, Esq.

## Randall Morgan

**From:** Randall Morgan
**Sent:** Wednesday, December 05, 2007 7:21 AM
**To:** Ronald B. Hatcher Esq. (rhatch05@aol.com)
**Subject:** Effinger v WD

I've been in preparation and mediation the last 2 days; will you give me until Mon Dec 10 to respond to your Nov 30 fax re discovery? Thanks for your courtesies. RM



EXHIBIT B

# RONALD B. HATCHER
### ATTORNEY AT LAW
### ATLANTA, GA 30303

**(404) 526-9440 (Office)**
**(404) 526-9936 (Facsimile)**

Mailing Address:
P. O. Box 161442
Atlanta, GA 30321

Licensed In:
AL, GA, OH, DC

December 5, 2007

Via rmorgan@hillhillcarter.com

Mr. Randall Morgan
Hill, Hill, Carter
P. O. Box 116
Montgomery, AL 36101

      Re:   Effinger v. Winn Dixie

Dear Mr. Morgan:

I just retrieved your e-mail requesting an extension to respond to our discovery dispute until December 10.

I cannot grant the extension. I have a deadline to amend pleadings and add parties on December 29, 2007, so I need you or Attorney Ferrara to respond positively today.

When I read your responses I thought that discovery in Alabama was different from anywhere in the country. Once looking at Alabama law in detail, I cannot understand why your responses were as presented.

Sincerely,

/s/ Ronald B. Hatcher

Ronald B. Hatcher
cc: Plaintiff

EXHIBIT C

 **Hill Hill Carter**

Randall Morgan
Facsimile: 334-263-5969
rmorgan@hillhillcarter.com

Hill, Hill, Carter,
Franco, Cole & Black, P.C.
*Attorneys at Law*

Post Office Box 116
Montgomery, AL 36101-0116

425 South Perry Street
Montgomery, Alabama 36104

Telephone: 334-834-7600
www.HillHillCarter.com

December 5, 2007
**VIA E-MAIL, FACSIMILE & U.S. MAIL**

Ronald B. Hatcher, Esq.
P.O. Box 161442
Atlanta, GA 30321

Re: YOLANDA R. EFFINGER v. WINN-DIXIE MONTGOMERY, INC.

Dear Mr. Hatcher:

I am responding to both your November 30th and December 5th letters. First, I do not agree that my responses are not in good faith and evasive. Second, in my opinion, three business days is an unreasonably short period of time, especially since I explained to you today I was tied up Monday and Tuesday and not able to devote any time to this case. Finally, I am not certain of the reason for the inclusion of the last paragraph in your December 5th letter, which I find offensive as it appears to be questioning my legal ability. Addressing your specific objections:

Interrogatories:

1-2. These are the responses of the Defendant, a corporation. Mr. Faison is the person designated by Winn-Dixie to respond on its behalf to the interrogatories. While Mr. Faison may not have actually performed the investigation himself, the responses are based on information available to the corporation.

3. You do know I have fact witnesses. In the Initial Disclosures which I filed September 17, 2007, I provided you the names of two employees and specifically designated each as a fact witness. I think Winn-Dixie's response to question #27 is more than adequate. I am not required to submit a witness list today. If there are additional fact witnesses to be used, I will either supplement the Initial Disclosures or provide those names on the Witness List which will be timely filed.


EXHIBIT
D

Ronald B. Hatcher, Esq.
December 5, 2007
Page 2

Requests for Production:

4.  Winn-Dixie is unable to locate an incident report. If one is discovered, I will advise you and if necessary, supplement this response. In the meantime though, especially since I do not have an incident report to review and see what it contains, I stand by my objection.

5.  I disagree with you that witness statements are discoverable. I have only one witness statement, that of an employee which was taken for my client. In my opinion, it is clearly privileged and not discoverable.

6.  If this refers to my response to Request for Production #9 and you want me to provide you copies, rather other than making them available for inspection, that is fine and I will do so.

7.  I, in fact, have responded to several requests by indicating I would supplement in accord with the Court's Uniform Scheduling Order. Specifically, those responses were to requests numbered 7, 8 and 19 which request trial witnesses, experts and exhibits to be offered at trial. I am not required to respond to those requests today. I will comply with the specific dates for these exchanges set by the Court in its Uniform Scheduling Order.

Since I was unable to depose your client earlier due to trial conflicts, I wrote you again for dates to depose Plaintiff. I have not heard from you. I would appreciate if, by this Friday, you would provide dates when Plaintiff can be made available in December or early January for deposition.

Sincerely

*Randall Morgan*

Randall Morgan
RM/pbf

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| YOLANDA R. EFFINGER, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 2:07-CV-657-ID-TFM |
| WINN-DIXIE MONTGOMERY, INC. | * | |
| Defendant. | * | |

### AFFIDAVIT

Before me, the undersigned personally appeared Kerry Ledbetter, who being first duly sworn, gives testimony as follows:

My name is Kerry Ledbetter and I am a Claims Examiner III with Sedgwick CMS in Jacksonville, Florida. Sedgwick CMS is retained by Winn-Dixie for the purposes of handling, adjusting, investigating, forming conclusions and opinions, obtaining information, and otherwise reporting to Winn-Dixie and its various subsidiaries along with its defense counsel as to all elements of a claim and/or lawsuit. We regularly communicate with Winn-Dixie and defense counsel. Our services are utilized to develop investigation and information in anticipation of litigation and after suit is filed assisting and preparing the case for trial along with assigned defense counsel. This same approach was applied in this case.

I regularly report to Winn-Dixie and communicate with defense counsel. My reports and communications are related to either the anticipation of litigation or defense of a filed suit. My reports and communications contain my mental impressions, conclusions, opinions or legal theories concerning possible or actual litigation against Winn-Dixie. Since suit has

1

been filed, I have assisted with defense counsel to prepare for trial, and have communicated with him about this case.

The investigation in this instance included obtaining the statement of a Winn-Dixie associate. Attached as Exhibit "A" is a letter from Plaintiff's attorney dated August 30, 2006 putting Winn-Dixie on notice of Plaintiff's claim. The employee's statement was secured after notice from Plaintiff of potential litigation. This statement was obtained anticipation of litigation.

*Kerry Ledbetter*
KERRY LEDBETTER

STATE OF FLORIDA

COUNTY OF Duval

Sworn to this the 14th day of December, 2007.

(SEAL)

JANET S. HOWARD
Notary Public - State of Florida
My Commission Expires Jul 26, 2009
Commission # DD 421516
Bonded By National Notary Assn.

*Janet S. Howard*
NOTARY PUBLIC
My Commission Expires: 7/28/09

2

# RONALD B. HATCHER
### Attorney at Law
34 Peachtree Street, N.W., Suite 2200
Atlanta, Georgia 30303

*(404) 526-9440 (Office)*
*(404) 526-9936 (Facsimile)*

MAILING ADDRESS:
Post Office Box 161442
Atlanta, Georgia 30321

LICENSED IN:
AL, GA, OH, D.C.

August 30, 2006

Via Priority Mail
#0305 2710 0001 6062 4531

CSC Lawyers Incorporating SVC, Inc.
150 South Perry Street
Montgomery, AL 36104

      Re:  Yolanda R. Effinger, Claimant
           Winn Dixie Store #0531
           DOL:  8/20/06

Gentlemen:

Please take notice that on August 20, 2006, Ms. Effinger slipped and failed due to a liquid substance on the floor at Winn Dixie Store #0531 in Montgomery, AL. Ms. Effinger had no opportunity to observe the substance prior to falling. She sustained several injuries and as retained me to seek compensation.

This incident happened at approximately 5:15 PM and the manager on duty was Adam Dollar. The incident was reported to Mr. Dollar but he has not contacted me or claimant since the incident.

I would appreciate your reporting this matter to Winn Dixie and its insurance company for investigation and adjustment.

Sincerely,

*Ron Hatcher*

Ronald B. Hatcher
cc:  Ms. Yolanda Effinger