IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| YOLANDA R. EFFINGER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cv-657-ID |
| | ) | |
| WINN-DIXIE MONTGOMERY, INC. | ) | |
| | ) | |
| Defendant . | ) | |

**ORDER**

Pending before the Court is Plaintiff's *Notice of Motion and Plaintiff's Motion to Compel Responses to Plaintiff's First Requests for Production* (Doc. 30, filed December 6, 2007), Plaintiff's supporting documentation (Docs. 31-35), and *Defendant's Response to Plaintiff's Motion to Compel* (Doc. 40, filed December 17, 2007). For good cause, it is **ORDERED** the motion is **GRANTED in part** and **DENIED in part**. The Court specifically **ORDERS** the following:

(1) The motion (Doc. 30) is **GRANTED** as to Request Nos. 6, 15, and 16. For Request No. 6, Defendant is instructed to provide any such documents that are responsive to Plaintiff's request. If Defendant asserts privilege, it must create a privilege log specifically identifying the document and the privilege attached. Should a dispute still exist, the parties may seek an *in camera* review with the Court for a determination of privilege.

With regard to Request No. 15, because the information sought is narrowly tailored and limited to information readily available in the public domain, no privilege can attach to a complaint filed in any court. As such, the Court directs Defendant to respond to Request No. 15.

The information in Request No. 16 is also discoverable. A deposition previously taken is sworn testimony and discoverable under Rule 32(a)(8) of the Federal Rules of Civil Procedure. To be clear, the Court is only ruling on the issue of discoverability and not the admissibility of any such deposition.

(2)   The motion (Doc. 30) is **DENIED** as to Request Nos. 3, 4, 13, and 14. For Request No. 3, Defendant has stated in its response that no such report has been located. Counsel has also stated that should a report be found, then he will supplement the response.

With regard to Request No. 4, the Court has diversity jurisdiction, therefore the Court must apply Alabama substantive law and federal procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). A question of privilege would be substantive in nature, thus Alabama law determines the applicability of the attorney-client privilege. *See Somer v. Johnson*, 704 F.2d 1473, 1478 (11th Cir. 1983); *see also Hyde Constr. Co. v. Koehring*, 455 F.2d 337, 340 (5th Cir. 1972) (in a diversity case legislative privileges must be treated as substantive and state law controls).[1] Under Alabama law, a witness statement can be protected by the work product privilege if it was taken in anticipation of litigation. *See Ex parte Nationwide Mut. Fire Ins. Co.*, 898 So. 2d 720, 723 (Ala. 2004) (citing *Ex parte Norfolk S. Ry.*, 897 So.2d 290, 295 (Ala. 2004)); *see also LaMonte v. Personnel Bd. of Jefferson County*, 581 So. 2d 866, 868 (Ala. Civ. App. 1991) (citation omitted) (the party asserting the work product privilege must show that the primary motivating purpose behind the creation of a document or investigative report was to aid in possible future litigation). Defendant has established the statement was taken after Winn-

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Dixie received notice of a potential claim and thus meets its burden of establishing the witness statement was taken in anticipation of litigation, thereby covered by the work product privilege.

With regard to Request Nos. 13 and 14, the Court rejects compelling each and every incident or claim involving a slip and fall at the location at issue. The request is overly broad and unduly burdensome and unrelated to the discovery of information relevant to the case with Plaintiff. Moreover, because the Court granted Plaintiff's request to compel on Request Nos. 15 and 16, this should provide Plaintiff with sufficient information that is narrowly tailored.

DONE this 21st day of December, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE